### TOLLESON v. McALISTER.

### No. 969.

Court of Civil Appeals of Texas. Waco.

Nov. 20, 1930.

Rehearing Denied Dec. 31, 1930.

·E. A. Rice and O. O. Chrisman, both of Cleburne, for appellant.

Ward & Ward, of Cleburne, for appellee.

BARCUS, J.

This suit was instituted by appellant to recover $3,750 which he claimed appellee owed him. The facts are without material dispute. In 1918 or 1919 appellee married the daughter of appellant. In February, 1921, appellee borrowed $3,000 and appellant signed the note as surety. When the note became due in November, 1922, appellant paid same and had the note transferred to him. In 1923 appellee paid $240 interest and $500 on the principal of said note. In January, 1928, appellant loaned appellee and his wife $300 with which to make a payment on an automobile. In November, 1928, appellee's wife was killed in a railroad accident and appellee filed claim for damages. In March, 1929, he received from the railway company in settlement of said claim the sum of $6,500. In May, 1929, this suit was filed to recover the balance due under the $3,000 note.

Appellant alleged that he was not suing on the note, but was suing on a new verbal contract which appellee made with him in February, 1929, under and by virtue of which appellee agreed that he would pay the balance due on said note, amounting at that time, principal and interest, to $3,750, if appellant would release him from the payment of the $300 which appellee and his wife had borrowed from appellant in January, 1928. Appellee pleaded the statute of limitation.

The cause was tried to a jury. At the conclusion of the testimony each of the parties requested a peremptory instruction, which the court refused, and in response to special issues submitted, the jury found that appellant did in February, 1929, agree with appellee that if appellee would pay the $3,750 due on the $3,000 note, appellant would cancel his claim for the $300 which appellee had borrowed in 1928, and that appellee agreed to pay said $3,750 on said condition, and the jury found that appellant did release appellee from payment of the $300. The jury found that appellee, at the time his wife borrowed the $300 from appellant in January, 1928, agreed to pay same. Each party filed motion for the court to enter judgment. The trial court overruled appellant's motion and granted that of appellee and entered judgment denying appellant any recovery.

· Appellant presents five propositions, under which he urges two general contentions. First, he contends that appellant having agreed to release appellee from the payment of the $300 debt which he at said time owed appellant, and which was not barred by limitation, on condition that appellee would pay the $3,750, that was at said time admittedly barred, that same constituted a valid binding contract and that under and by virtue thereof appellant was entitled to recover from appellee the $3,750.

Under his second general contention appellant takes the position that article 5539 of the Revised Statutes, which provides that when an action is barred by limitation no acknowledgment of the justness of the claim made subsequent to the time it became barred shall be admitted in evidence unless the acknowledgment be in writing, is not applicable to the facts in this case, and that the trial court erroneously applied same thereto, and he contends that if said article is applicable, then it is unconstitutional, in that it takes away the right of the parties to contract as they see fit. In so far as the last contention of appellant is concerned, we think said statute is clearly applicable to the facts in this case, and said statute, which has been a part of our statute law since 1841, has been so many times upheld we think its constitutionality is not now a debatable question. All laws regulating or controlling limitation or the time within which causes of action may be brought are founded upon the same general principle. Said statutes do not prohibit such contracts being made, but, in effect, they provide the method of proof and the time within which our courts will enforce same.

Appellant's contention that the contract he made with appellee in February, 1929, renewed or revived the old debt of $3,750, is, we think, untenable. It appears · that the $3,000 note was due in November, 1922, and therefore became barred in November, 1926. Appellant paid the $3,000 to the holder of the note in 1922 and had same transferred to him. Appellee, in 1923, paid $240 interest and $500 on the principal to appellant, and no further payments were made thereon. In the early part of 1928 appellant loaned his daughter and her husband, appellee, $300 to aid in purchasing an automobile. He took no note therefor and had, according to his testimony, an agreement with his daughter that the $300 would be repaid whenever it was convenient for them to do so. Under appellant's testimony, a few days before appellee obtained the money from the railway company in settlement of damages by reason of his wife's death, he (appellant) asked appellee to pay out of said money the $3,750 as well as the $300, and appellee told appellant that he did not think he ought to pay the $300; that appellant then told appellee that if he would pay the $3,750 that he (appellant) would cancel the claim for $300 and would forget it, and that appellee agreed thereto. No contention is made that appellee

made any written acknowledgment relative to said $3,750 indebtedness. Whether appellant was bound by the verbal contract he made that if appellee paid the $3,750, he (appellant) would forget or cancel the $300 which was not at said time barred by limitation, is not necessary for us to and we do not determine. Under the plain provisions of article 5539, before any evidence of the justness of any debt which is barred by limitation is admissible to take same out of the statute of limitation, it is necessary that the acknowledgment of the justness thereof be in writing and signed by the party to be charged therewith. Our courts have uniformly held that this statute is mandatory and that where a suit is brought on a debt that is barred, the foundation thereof must be the new promise rather than the old, and that unless the new promise is in writing, same is not binding upon the defendant. Coles v. Kelsey, 2 Tex. 542, 47 Am. Dec. 661; Cain v. Bonner, 108 Tex. 399, 194 S. W. 1098, 3 A. L. R. 874; Cotulla v. Urbahn, 104 Tex. 208, 135 S. W. 1159, 34 L. R. A. (N. S.) 345, Ann. Cas. 1914B, 217; York v. Hughes (Tex. Com. App.) 286 S. W. 165. It would, we think, be a strange construction to place on said statute to say that where a defendant owed several large obligations which were barred by limitation, and owed one small obligation that was not barred, the party holding same could make a binding verbal contract, in direct conflict with said statute, with his debtor under and by virtue of which he would release the small debt which was not due, on condition that the party would pay the large debts which were then barred.

Under the undisputed facts as alleged and testified to by appellant, we do not think he was entitled to recover. The judgment of the trial court is affirmed.

STANFORD, J. (dissenting).

The evidence in this case, without any conflict, shows that appellee in February, 1929, owed appellant two notes, one for $3,750 and another note for $300. At said time the $3,750 note was admittedly barred by our statute of limitation. The $300 note was not barred, but was a legal enforceable obligation against appellee. On or about said date, February, 1929, the parties entered into an oral or verbal contract, by the terms of which appellant agreed to release appellee from the payment of the $300 note, which was not barred, in consideration of appellee's promise or agreement to pay appellant said $3,750 note, which all parties knew was barred. Appellant performed his part of said verbal agreement and did release appellee from the payment of the $300, but appellee refused to perform his part of said verbal contract by paying appellant said $3,750. So appellant filed this suit to recover said amount, not upon the $3,750 note, but solely and alone upon the verbal or parol contract, by the terms of which appellant agreed to and did release appellee from the payment of the $300, and by the terms of which appellee agreed to pay the $3,750. It is thought the question of limitation was not involved in this case. No one contended the $300 was barred, and no one denied the fact that the $3,750 note was barred. Appellant having based his right to recover, not upon the $3,750 note, but upon the parol contract as above set out, appellee's plea of limitation to a suit on the note was inapplicable and stated no defense to appellant's suit based upon said parol contract. There was no contention that the parol contract was barred; in fact, it had been made only a few months prior to the filing of this suit. As I view this case, the only question involved is: Was the parol contract, made the basis of this suit, a legal and binding contract? There is no contention but that the parties were competent to make the contract sued upon. All the evidence without any conflict shows they did make the identical parol contract made the basis of this suit, and the jury so found. That said contract was based upon a sufficient consideration, to wit, the release of appellee from the payment of the $300 note, was shown by all the evidence and was found by the jury. It is thought, clearly, the verbal parol contract sued upon was a legal, binding, enforceable contract, and under the uncontroverted evidence and the findings of the jury, judgment should have been rendered for appellant for the $3,750, with interest, as claimed by appellant. First State Bank v. Bowman (Tex. Civ. App.) 203 S. W. 75; 37 C. J. p. 1123.