## CAUSEWAY INVESTMENT COMPANY v. FRANK J. NASS.

No. 6990.   Decided January 5, 1938.
Rehearing overruled February 2, 1938.
(111 S. W., 2d Series, 703.)

*Stewarts, W. Noble Carl* and *Byron Economidy,* all of Galveston, for plaintiff in error.

Nass's cause of action was barred by both the two and four years statutes of limitation. American Natl. Ins. Co. v. Villegas, 32 S. W. (2d) 1109; Gaston & Ayres v. Campbell, 104 Texas 576, 582, 141 S. W. 515; Leather Mfg. Co. v. Merchants Bank, 128 U. S. 26, 9 Sup. Ct. 3, 32 L. Ed. 342, Cornelius v. Early, 24 S. W. (2d) 757; Wood v. Gulf, C. & S. F. Ry. Co., 40 S. W. 25.

*McDonald, Wyman & Kleinecke,* of Galveston, for defendant in error.

Defendant's cross action was not barred by the two or four years' statute of limitation. Gilmore v. O'Neil, 107 Texas 18, 173 S. W. 203; Trammel v. San Antonio Life Ins. Co., 209 S. W. 786; Phillips v. Herndon, 78 Texas 378, 14 S. W. 857; Matthewson v. Fluhman, 41 S. W. (2d) 204.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

May 10, 1913, plaintiff in error, Causeway Investment Company, and defendant in error, F. J. Nass, entered into a contract by which the company agreed to sell and convey and Nass agreed to purchase certain lots in the city of Galveston. The contract price was $1,540.00, payable in monthly installments of $38.50. This contract contained a provision which all parties agreed was an "insurance provision," and which all parties agree made the contract ultra vires and void. Prior to March 20, 1914, Nass paid on this contract the sum of $423.50, and thereafter, and prior to March 10, 1915, paid an additional amount of $423.25, making a total of $846.75. This left a balance of $693.25. No other payment was made.

On December 28, 1917, Causeway Investment Company,

which we will designate plaintiff, filed suit in the district court of Galveston County against defendant in error Nass, who will be designated herein as defendant. In the suit plaintiff alleged the contract of May 10, 1913, the payments made thereon by defendant, and sought to recover the balance due. The suit was in effect one for specific performance. Defendant filed a formal answer, consisting of a general demurrer and general denial. On March 20, 1918, defendant filed first amended original answer which answer, in substance, was as follows:

(1) A general demurrer.

(2) A general denial.

(3) A plea of limitations of two and four years.

(4) A plea that the contract was ultra vires, because of the insurance feature therein, and the plaintiff had no power to make same. Defendant also sets up a provision in said contract to the effect that if there was default in payment of any monthly installment for as much as sixty days, the contract would become forfeited, and the seller should retain all payments as liquidated damages. He further pleaded that on account of this provision, and the fact of the depreciation in the value of the property due to an unprecedented storm, it would be inequitable to decree a specific performance.

(5) A further plea, which, because of its importance in determining the result of the case, we set out in full, the same being as follows:

"And this defendant by way of reconvention alleges that the payments made the plaintiffs by him were made in reliance upon the validity of its contract of insurance in its contract for deed, and which said contract is by stipulation therein made formed a part of the contract sued upon, and that same would not have been made by this defendant had he known that said plaintiffs were without legal power or authority in law to obligate themselves, or itself, as provided by said clause in said contract for deed hereinbefore quoted and designated as Section 4; and said payments were made by reason of the untrue representations of the legally authorized agent or representative of plaintiffs made at the time of the making of said contract which is sued upon by plaintiffs, and defendant sues and asks hereby for recovery of the amount hereinbefore alleged to have been paid by him to plaintiffs, and shown by their said petition to have been paid by him, and for return of all such payments as were made by him to the plaintiffs, together with interest thereon from time of such payments."

As stated above, the foregoing pleading was filed March 20, 1918. No service was had upon the so-called plea in reconvention, and nothing whatever was done in the case until October 19, 1925; a period of about 7½ years. On the last mentioned date the plaintiff, on motion, dismissed its suit. On the next day defendant filed motion to reinstate the case, and on October 26, 1925, the court reinstated the case on the docket. On the same day the plaintiff again dismissed its suit, and defendant gave notice of appeal.

On October 29, 1925, defendant filed his second amended original answer. This answer was similar to the one filed March 20, 1918, except that it contained a count asking for specific performance of the contract, and defendant tendered into court the balance of $693.25 of the purchase money. The answer, "by way of reconvention," contained an allegation similar to the one set out above.

On December 18, 1925, defendant called the case for trial and took judgment by default against plaintiff for specific performance of the contract. On December 24, 1925, the court set aside the judgment and defendant gave notice of appeal. This appeal was later dismissed by the Court of Civil Appeals.

Sometime about October 19, 1925, the plaintiff sold the lots in question to a third party, and as it was impossible to decree a specific performance, this no doubt induced the court to set aside the judgment of December 24, 1925, and reinstate the cause.

On December 28, 1925, the plaintiff filed plea in abatement, based on the contention that as its suit had been dismissed by judgment of October 26, 1925, defendant's cross action went out with it, and the judgment became final. Subject to its plea in abatement, the plaintiff, in reply to defendant's request for specific performance, pleaded limitations and also set out that the contract was void on account of its ultra vires provisions.

Nothing further was done in the case until October 23, 1933, a period of nearly eight years. On that day, defendant filed what was designated his third amended original answer and cross action. It was in no sense an answer, because plaintiff's suit had been dismissed some eight years before. It was really only a petition, the principal count being one to recover the payments made by him upon the contract prior to March 10, 1915. There was an alternative plea to the effect that if the contract was not void he desired specific performance. On the same date plaintiff replied to the cross action, pleading as to the suit to recover payments the statutes of limitation, and to

the plea for specific performance pleading laches and other defenses.

On October 25, 1933, in a trial before the court without a jury, judgment was rendered in favor of defendant for the sums paid by him on the contract, with interest, the total amount of the judgment being $1,818.22. He was permitted to withdraw the sum of $693.25 tendered into court on December 18, 1925. This judgment was affirmed by the Court of Civil Appeals, 84 S. W. (2d) 571.

1 As this judgment must be reversed because defendant's cause of action was barred by limitation, it is not necessary to discuss any other question. Both defendant and plaintiff agree that the contract of May 10, 1913, was ultra vires and void. This being true, it is elementary that, in absence of estoppel, which is not in the case, no action of any kind can be based thereon. It could not be rescinded because there was nothing to rescind. It is settled, however, that a purchaser who has paid money on faith of such a contract, may recover same in an action for that purpose. His action to recover in such a case is not founded upon the contract, but, as if the contract had never existed, upon a promise of the vendor implied in law to refund money which he should not in equity and good conscience retain. The suit is a typical one for money had and received. Lamb v. James, 87 Texas 485, 29 S. W. 647; Rayner Cattle Co. v. Bedford, 44 S. W. 410, writ refused 91 Texas 642, 45 S. W. 554; Central Transportation Co. v. Pullman Palace Car Co., 139 U. S. 50, 11 Sup. Ct. 478, 35 L. Ed. 55; Fletcher's Cyclopedia on Corporations, Sec. 1607; Bedell v. Oliver H. Bair Co., 104 Pa. Super. 146, 158 Atl. 651.

2 A cause of action for money had and received is barred under our statute after two years from the time payment was made. Rayner Cattle Co. v. Bedford, supra; Jeff Davis County v. Davis, 192 S. W. 291, 297; Galveston, H. & S. A. Ry. Co. v. Lykes Co., 294 Fed. 968.

We think the case of Rayner Cattle Co. v. Bedford, supra, is directly applicable. In that case a deed had been made by Rayner Cattle Company to Bedford conveying certain land, and Bedford executed notes in part payment of the purchase money. Suit was brought on the notes. Bedford defended on certain grounds, and in a cross action sought to recover payments made under the contract. It was held that the deed was void because it attempted to make conveyance of public land. On the question of limitation, the court said:

"We therefore conclude that the appellant could not recover on the notes sued on, or, in other words, that the appellee's plea of failure of consideration was fully sustained by the evidence; and also that the appellee had the right to recover back the sums of money paid on the illegal and void contract, unless he was barred by the statute of limitation of two years, which is the statute applicable in this case, if any is.

"On the question of limitation, we are of opinion that the appellee's demand and cause of action to recover back the money paid was fully barred at the time he filed his plea in reconvention. His legal right to recover back his money existed from the moment he paid it, and his ignorance of his legal right to do so will not excuse him from filing his suit within the two years within which suits must be brought on open accounts for money had and received. There was no fraud or concealment of facts on the part of appellant pleaded or proved. The fact that appellee believed until July 1, 1892, that he had acquired a good and valid title from appellant, did not prevent the statute from running against him. He was simply mistaken as to the law governing such cases, and no man can be heard to plead his ignorance of the law."

In refusing writ of error the Supreme Court expressly approved this decision. 91 Texas 642, 45 S. W. 554.

3 Counsel for defendant does not seriously controvert any of the general principles announced above, but insists that the two years statute of limitation does not apply, for the reason that the plea in reconvention in the answer of March 20, 1918, was in reality an action for rescission, which would be barred by the four years statute; and that the demand for repayment was merely incidental to the plea for rescission. One ready answer to this contention is that the plain meaning of the language quoted above from the answer of March 20, 1918, shows a plea for recovery of payments made under the void contract. Such plea was made in light of the preceding counts, which clearly negatived the necessity for rescission;—setting forth the nullity of the contract, and assuming that it was no longer existent; therefore no need for rescission.

In the recent case of Morriss-Buick Company v. Davis, 127 Texas 41, 91 S. W. (2d) 313, it was said:

"It is the law of this State that where the subject-matter of a defense interposed by the defendant constitutes an independent cause of action which does not go to the foundation

of the plaintiff's demand, it can not effect a reduction of the amount of the plaintiff's recovery except by way of set-off, and the statutes of limitation are available to the plaintiff in respect to such defense. Nelson v. San Antonio Traction Co., 107 Texas 180, 175 S. W. 434. On the other hand, if the subject-matter of the defense be of an intrinsically defensive nature, which, if given effect, will operate merely as a negation of the plaintiff's asserted right to recover, or in abatement, either wholly or partially, of the amount claimed, the statute of limitation does not apply. Mason v. Peterson, (Tex. Com. App.) 250 S. W. 142."

It is plain that the so-called plea in reconvention contained in the answer of March 20, 1918, was not merely a defensive plea. It was an independent cause of action for money had and received. This is obvious from later proceedings. If it had been merely defensive matter it would necessarily have gone out with the dismissal of plaintiff's suit in 1925, and plaintiff's plea in abatement was good. However, immediately after dismissal of plaintiff's suit, defendant obtained leave of the court and amended his cross action, dispensing with all defensive counts. Again, in 1933, he amended his cross action, taking the position of plaintiff in the suit; and the whole proceeding since 1925 has been as if it were an original suit instituted by defendant as plaintiff.

We might suggest, without deciding, that even if the plea in reconvention filed March 20, 1918, could be construed to be an independent action for rescission, we see no reason why such action would not be barred, as it was filed some eight years after the contract was entered into, and no attempt to obtain service on same was made during the succeeding eight years.

4 As all payments made by defendant on the contract were made more than three years prior to the filing of his cross action on March 20, 1918, recovery was barred by the two years statute of limitation.

The judgments of the Court of Civil Appeals and of the trial court are reversed, and judgment is here rendered in favor of plaintiff in error.

Opinion adopted by the Supreme Court January 5, 1938.

## ON MOTION FOR REHEARING.

The jurisdiction of the Supreme Court in this case has been challenged for the first time in motion for rehearing. After a careful consideration of the petition filed October 23, 1933, on which the case went to trial, and the answer thereto, we have concluded that in addition to the plea to recover the money paid, it also attempted to set up a plea for specific performance. Although this plea was abandoned, nevertheless the case made by the pleadings may be looked to in determining the jurisdiction of the Court.

By the judgment in the district court defendant was permitted to withdraw the $693.25 deposited in the court on December 18, 1925. Apparently, this part of the judgment was not appealed from, and in reversing and rendering judgment in favor of plaintiff in error we did not refer to the same. In order to remove all doubt in the matter, the judgment of the Court will be so amended as to affirm the action of the trial court in allowing withdrawal of this sum.

The motion for rehearing by defendant in error is in all other respects overruled.

Opinion adopted by the Supreme Court February 2, 1938.