CLANTON et ux.

v.

COMMUNITY FINANCE & THRIFT CORP.

No. 3005.

Court of Civil Appeals of Texas.

Eastland.

May 29, 1953.

Fritz, Goldberg & Alexander, Dallas, for appellant.

H. B. Houston and H. B. Houston, Jr., Dallas, for appellee.

COLLINGS, Justice.

Raymond Clanton and wife brought this suit on April 25, 1952 against Community Finance & Thrift Corporation, seeking to recover $1,130.50 as double damages for usury under Article 5073, Texas Revised Civil Statutes, and for temporary and permanent injunction. Defendant filed a general denial, plea of two year statute of limitations and cross action for an alleged balance due on a promissory note, foreclosure of a chattel mortgage and attorney's fees. Trial was before the court without a jury and judgment rendered in favor of defendant company for $65.73 and foreclosure of the chattel mortgage. Raymond Clanton and wife have appealed.

The Clanton's claim for double damages is based upon alleged excessive interest and other unjustifiable charges in connection with four notes made, executed and delivered by the Clantons to appellee, Community Finance & Thrift Corporation. The first note in the sum of $972 was dated November 18, 1947 and the second note dated June 2, 1948 was likewise in the sum of $972 and included the balance due on the first note. The note of June 2, 1948, was fully paid on January 3, 1950, leaving no unpaid balance on either account due the Community Finance & Thrift Corporation. Two other notes were thereafter executed by the Clantons and delivered to defendant corporation but there was no connection whatever between these latter notes and the first two above described. It was found by the court, as a matter of law, that recovery of penalty for usurious interest paid, or recovery of or credit for any overpayment of principal based upon the first two transactions were barred by limitation.

Appellants' cause of action for the recovery of the amount of usurious interest payments made on the loan transactions of November 18, 1947 and June 2, 1948, is one for money had and received. We cannot agree with the contention that their claim is not barred by the two year statute of limitation but is subject to the four year statute. Numerous cases in this State hold that a cause of action for money had and received is covered by Article 5526, Texas Revised Civil Statutes, a two year statute of limitation. The 1947 and 1948 notes were fully paid on January 3, 1950, more than two years before appellants brought this suit on April 25, 1952. The point is overruled. Causeway Inv. Co. v. Nass, 131 Tex. 12, 111 S.W.2d 703, rehearing denied 131 Tex. 12, 112 S.W.2d 712; Anders v. Johnson, Tex.Com.App., 288 S.W. 168; United States Fidelity & Guaranty Co. v. First Nat. Bank of El Paso, Tex.Civ.App., 93 S.W.2d 562; Settegast v. Harris County, Tex.Civ.App., 159 S.W.2d 543 (Writ Ref.); Jeff Davis County v. Davis, Tex.Civ.App., 192 S.W. 291.

In appellants' second point it is urged that the court erred in denying to appellants a credit against future principal of the single amount of usurious interest payments on the loan transaction of November 18, 1947 and June 2, 1948. No connection was shown between the notes of January 4, 1950 and January 11, 1951, which are the basis of the cross action filed by appellee and the transactions of 1947 and 1948 which are the basis of appellants' claim for usurious interest payments. The offset claimed by appellants is a distinct and independent cause of action rather than a defense against the demand asserted by appellee corporation. Under such circumstances appellee was entitled to avail itself

of the two year statute of limitations as a defense against the usurious interest payments and charges pleaded by plaintiff as a set-off. In De Witt v. Kent County, Tex. Civ.App., 148 S.W.2d 213, 217 (Dismissed, judgment correct) it is stated:

"The rule of law is that where the defensive matter interposed by a defendant constitutes an independent cause of action and does not go to the foundation of the plaintiff's claim, it cannot operate as a reduction of the demand except by way of set-off or counterclaim and the plaintiff may avoid them under a proper plea of limitation. Where the subject matter of the defense is purely defensive in its nature, however, and operates merely as a negation of the demand asserted by the plaintiff, the statute of limitations does not apply. Nelson v. San Antonio Traction Co., 107 Tex. 180, 175 S.W. 434; Mason v. Peterson, Tex.Com.App., 250 S.W. 142."

Appellants' second point is overruled.

On January 4, 1950, the Clantons executed and delivered to defendant corporation a third note, heretofore mentioned, which was in the sum of $612. It was made payable eighteen months after date with interest and attorney's fees after maturity, and secured by a chattel mortgage on their household goods and furniture. The Clantons at the same time contracted in writing with defendant corporation for the purchase of an investment certificate to be paid for in monthly installments of $34 each, containing the option to surrender the same and have the value represented by payments thereon applied on the note when it matured. In this contract there was no provision for the purchase of credit life insurance and no deduction of a premium therefor. There was a deduction of $12 for services claimed to have been rendered in appraisal of collateral, investigation of credit and preparation of papers.

On January 11, 1951, the Clantons executed and delivered to defendant corporation a fourth note which was in the sum of $612. A contract similar to the preceding note was entered into for the purchase of an investment certificate and in addition, a $12 service charge and $18.36 premium for a credit life insurance policy were deducted from the proceeds of the loan. The court found that the Clantons were given no option to purchase such policy from any insurer or insurance agent of their own choice and did not know that a policy was issued to them.

It was further found by the court that at the time of the execution of the fourth note, defendant corporation paid to the Clantons in cash the sum of $6.46, consisting of $2.34 interest earned on the investment certificate in the transaction of January 4, 1950, and $4.12 refund of unearned discount on such note. The total amount of interest paid on the third note was $103.80 less the said sum of $6.46, or the sum of $97.34.

It was found by the court that the interest involved in the fourth note dated January 11, 1951, consisted of the interest discount of $91.80, credit life insurance premium of $18.36 and service charge of $12 which amounted to a total of $122.16. The Clantons paid on the last transaction the total sum of $238, the last payment being made on February 14, 1952.

It was found by the court as a matter of law, that the last two notes were usurious; that defendant corporation failed to comply with the provisions of Article 3.53 of the Insurance Code, V.A.T.S., in issuing insurance to Raymond Clanton at the time of the fourth transaction and that the premiums should be treated as a part of the charge for the use of the money; that the Clantons having paid the note of January 4, 1950 in full, were entitled to recover double the amount of interest paid ($97.34) as penalty or the sum of $194.68. Since the amount paid on the fourth note was insufficient to pay principal and interest it was found by the court that the amount paid should be credited to the principal, and that since no interest was paid on such note no penalty was due the Clantons but that they were entitled to a cancellation of the interest on

said note. The amount credited on the last note was the sum of $238 actually paid by the Clantons, $122.16 usurious interest and $194.68 penalty on the third note which left a balance of $57.16 for which judgment was rendered in favor of appellee corporation plus attorney's fees and interest for foreclosure of the chattel mortgage lien.

It is contended in appellants' third point that the court erred in denying appellants a credit of twice the amount of interest paid on the usurious loan transaction of January 11, 1951. As heretofore noted, the court found the interest on such note to be usurious. Even though interest obligations under a note may be void because usurious, the principal amount may be recovered. Article 5071, Revised Civil Statutes. Appellants were allowed a credit against the face amount of the note for $122.16 as usurious interest, $194.68 as a penalty on a prior usurious note and $238 which appellants had paid on an investment certificate which secured the note. This left an unpaid balance on the note in the sum of $57.16. Appellants urged that it was improper for the trial court to credit the principal of the note with the $238 payment on the investment certificate. It is contended that of such $238 payment, $122.16 should have been applied to the usurious portion of the contract thereby enabling appellants to obtain double recovery on such amount as provided in Article 5073, Texas Revised Civil Statutes.

The record shows that when payments on the investment certificate, aggregating $238 were made, the parties did not appropriate such payments to the interest on the note. In such cases, it is the settled rule that payments will be applied to the principal, or the lawful portion of the contract. Gunter v. Merchant, Tex.Com.App., 213 S.W. 604; Southern Industrial Corporation v. Bolton, Tex.Civ.App., 22 S.W.2d 495; Alston v. Greene, Tex.Civ.App., 43 S.W.2d 478; Rosetti v. Lozano, 96 Tex. 57, 70 S.W. 204. The usurious interest charges provided in the 1951 note were not paid and appellants are, therefore, not entitled to double recovery thereon. Appellants' third point is overruled.

It is urged in appellants' fifth point that the court erred in adjudging attorney's fees and costs against appellants because appellants had tendered to appellee corporation more than the amount recovered by appellee in the judgment and appellee had rejected such tender. Appellants' right to recover attorney's fees was based on the provisions of the note sued upon and the court found that the conditions upon which the right to attorney's fees were based had been complied with. We sustain this finding. The judgment of the court was that appellants take nothing and appellee was granted recovery on a portion of the amount claimed in its cross action, or to be more exact, the amount which appellee corporation was found to be entitled on its claim was greater than the amount to which appellants were found to be entitled on their claim, and judgment was entered in favor of appellee corporation for the difference. Rule 131, Texas Rules of Civil Procedure, provides that the successful party shall recover costs. Rule 141 allows the court some discretion under certain circumstances but the court evidently did not find good cause for the exercise of such discretion.

Appellants contend that a tender of $400 on March 6, 1951 relieved them of the obligation to pay costs. A tender to be valid must be continuing and appellants' action in filing this suit on April 25, 1952, seeking to recover $1,130.50, clearly terminated any tender theretofore made. North Texas Sav. & Bldg. Ass'n v. Hay, 23 Tex.Civ.App. 98, 56 S.W. 580 (Error Ref.); Universal Credit Co. v. Cole, Tex.Civ.App., 146 S.W.2d 222. Appellants' fifth point is overruled.

We also overrule appellants' fourth point complaining of the manner in which the trial court computed payments and refunds. We have examined the evidence and are of the opinion that the court's computation of such payments and refunds was fair and reasonable and is not shown to be substantially incorrect. No reversible error is shown.

The judgment of the trial court is affirmed.