**WARE v. WRIGHT.**

No. 14738.

Court of Civil Appeals of Texas.

Dallas.

Feb. 12, 1954.

Rehearing Denied March 19, 1954.

Ed C. Stearns, Dallas, for appellant.

Edward C. Fritz, Dallas, for appellee.

YOUNG, Justice.

This is a statutory action in usury as to V. L. Ware; appellee Wright and wife having included him in their suit against other defendants. Upon a jury trial, verdict, and adverse judgment in amount of $403.67 with legal interest from March 3, 1953, he has appealed separately. The companion case involving remaining defendants is also before this Court, styled Wright v. E-Z Finance Company et al., it being agreed that one comprehensive transcript and supplements be availed of by all parties on the two appeals.

Jury issues and answers relating to charges of usury as against appellant will be stated in substance: Issue (1), the Wrights signed the employment contracts on dates named (five transactions) in order for Ware and Wife to obtain compensation for the use of their money; Issue (2), Wright and wife signed the applications and contracts for loans on each of several dates (four trans-

actions) for the purpose of allowing Ware to obtain compensation for the use of his money; Issue (3), listed and dated renewal loans (seven in number) were obtained by the Wrights from Ware in the refinancing of previous loans; Issue (18), defendant Ware failed to afford Wright an option to select an insurance company of his own choice in connection with the loan transaction of Oct. 25, 1949; and Issue (91), the sum of $25.60 paid by defendant to Wright on May 28, 1950 was an interest refund rather than a refund of the insurance premium.

The combined action was instituted May 15, 1951. We glean from a voluminous and rather unsatisfactory record that the series of loans in question began around 1945, and after the first, were in connection with renewal procedures. Plaintiffs claimed that as a result they paid to defendant usurious interest of $447.30, entitling them to double damages in the sum of $884.60. Defendant in fourth amended answer and cross-action set up in detail his version of the transactions; presenting computations to effect that plaintiffs still owed $9.83, for which he sued. Neither party has offered any explanation of how the court's judgment of $403.67 was arrived at; plaintiffs apparently seeking recovery for alleged usurious payments beginning on or about June 14, 1946, under art. 5073, V.A.C.S., reading in part: "Within two years after the time that a greater rate of interest than ten per cent shall have been received or collected upon any contract, the person paying the same or his legal representative may by an action of debt recover double the amount of such interest from the person, firm or corporation receiving the same."

 By his first point appellant asserts that the quoted statute constitutes a complete bar to plaintiff's claim for usury allegedly exacted in loans made more than two years prior to commencement of suit. Certainly art. 5073 above precludes a double recovery except as therein provided. So also is his action for restitution of money usuriously exacted prior to such period of limitation. Wootton v. Jones, Tex.Civ.

App., 286 S.W. 680; Causeway Investment Co. v. Nass, 131 Tex. 12, 111 S.W.2d 703. His action is one for money had and received and is governed by the two, and not the four-year statute; art. 5526, subd. 4, V.A.C.S.; Clanton v. Community Finance & Thrift Corp., Tex.Civ.App., 262 S.W.2d 252. Point one under consideration is therefore sustained.

By point two defendant complains of error in the court's holding that certain notes paid within the two-year period were usurious in fact, "because there was no agreement, or intention between the parties to charge, pay or collect interest in excess of the legal rate of 10% per annum." This requires a review of appellant's own résumé of payments in nature and amount. Three notes appear to be involved: (1) A note of Sept. 20, 1948 totaling $238.70, made up of the following items: $110 cash; balance of a previous note, $56.70; service charge, $5; interest, $8.22; waiver (a paper, under terms of which, the borrower is relieved of obligation to pay amounts in event of certain contingencies), $19.78; additional loan, $25; charges, $7.50; additional loan, $5; charges, $1.50; paid, April 20, 1949. (2) Note of May 4, 1949, totaling $250.70, made up as follows: $100 cash; balance of prior note, $118.70; service charge, $6; interest, $10.83; waiver, $15.17; paid in full Oct. 25, 1949, allowing discount of $12.70. (3) Note of Oct. 25, 1949, for $237.60, itemized as $180 cash; credit insurance $40.72; service charge and interest, $16.88; paid in full Nov. 28, 1949; net discounts and refunds paid to plaintiff for credit on the last note, $46.49. (*See Footnote.)

■■ As a part of the foregoing transactions and for further security, the Wrights were required to execute chattel mortgages on considerable household goods and an assignment of wages. The credit insurance of Oct. 25, 1949, also required, consisted of a Hospitalization Expense Policy and one of Life, Health and Accident. The "Waiver" charges embraced in notes (1) and (2) above were the subject matter of issue 2 answered affirmatively by the jury. The record as a whole supports the finding that these instruments of waiver were signed "for the purpose of obtaining compensation for Mr. and Mrs. Ware for the use of their money"; and constituted usurious transactions rather than actual and necessary expense incidental to making of the loan. The issue of usury is generally one of fact; 42 Tex.Jur. p. 988, sec. 88. In Southwestern Investment Co. v. Green, Tex.Civ.App., 19 S.W. 2d 102, it was held that under the facts and circumstances surrounding the whole transaction, the nature of the item charged, whether interest or a service charge, was for the jury. See also Starks v. National Bond & Mortgage Corp., Tex.Civ.App., 85 S.W.2d 1056; National Bond & Mortgage Corp. v. Mahanay, Tex.Com.App., 124 Tex. 544, 80 S.W.2d 947.

■■ Concerning the premium charges for credit insurance, the exaction of two policies made the amount paid for hospitalization at least an unlawful charge; Hatridge v. Home Life & Accident Ins. Co., Tex.Civ.App., 246 S.W.2d 666. Likewise, relative to the Life, Health and Accident policy, the jury found (Issue 18) that Wright was not given the option to purchase insurance of his own choice. Such refusal, in direct violation of V.A.T.S. Insurance Code, art. 3.53, § 4, could have no other effect in our opinion than to render the transaction an unlawful one and thereby usurious. Clanton v. Community Finance & Thrift Corp., supra.

* Footnote:
 Note one, of the three above detailed, to the extent of $56.70, is seen to be the balance of a previous note. Of course, if usury existed in the transactions beginning 1946, the amount thereof could be pled as an offset to this item ($56.70); the two-year statute of limitation not being applicable thereto. Tyrrell Combest Realty Co. v. Ellis, Tex.Civ.App., 127 S. W.2d 598; Murphy v. Boyt, Tex.Civ. App., 180 S.W.2d 199. Such is not the nature of plaintiff's prayer for relief, however, as we interpret his pleadings; and as to whether the court's judgment is inclusive of this amount, we are unable to determine.

Point 3 complains of excessiveness of judgment. Appellee does not challenge appellant's statement under this point that all charges made in connection with the notes paid within two years from filing of suit, totaled $131.60 (interest, instruments of waiver, credit insurance and service charges). If this amount be considered as wholly usurious and doubled as authorized by art. 5073, V.A.C.S., such statutory recovery would amount to only $263.20; and crediting defendant with $25.53 as found by the jury, the resulting liability would be $237.67. Subject to such reconciliation of figures as may be presented by the parties on rehearing, the judgment under review is hereby reduced to $237.67, any greater amount being regarded as excessive. As reformed, the judgment will otherwise be affirmed.