### Joseph BROUSSARD, Appellant,

v.

### AUSTIN ROAD COMPANY, Appellee.

### No. 12817.

Court of Civil Appeals of Texas.

Galveston.

March 17, 1955.

Walter E. Ressel, Galveston, for appellant.

Bondies & Flahive and Tom R. Hopkins, Dallas, for appellee.

HAMBLEN, Chief Justice.

This suit was originally filed by appellant in the County Court of Galveston County, to recover damages to his automobile alleged to have been sustained in a collision with an automobile owned by appellee. In the trial court appellee, in addition to a general denial pleaded an accord and satisfaction supported by a valuable consideration entered into between the parties to the lawsuit prior to the institution thereof. By supplemental petition, appellant tendered into court the sum of $100 which he admitted having accepted from appellee in settlement of the claim made the basis of the suit, but alleged a lack of authority to settle the same because of a previous assignment of such claim by him to National Automobile and Casualty Insurance Company by way of a subrogation agreement. Appellant further alleged knowledge of such assignment on the part of appellee at the time of the settlement, and that this suit was brought in the name of the appellant for the use and benefit of the assignee insurance company which had never released its claim. With the issues thus joined, appellee filed a motion for summary judgment, accompanied by the affidavit of Robert A. Fanning wherein on oath affiant stated that as a representative of appellee Austin Road Company he forwarded to appellant and to his attorney Walter E. Ressel, a draft in the sum of $100 incorporating a release of any and all claims against said appellee on account of the collision made the basis of this suit. Attached to the affidavit was a photostatic copy of the draft, incorporating the complete release, and

showing the endorsement of appellant and his attorney, and payment by the bank upon which it was drawn. The affidavit further recited that Walter E. Ressel, who is attorney for the appellant in this litigation, represented himself as attorney representing all parties at interest in the claim arising out of the collision here involved, and as being the attorney with whom the settlement was negotiated and consummated. This motion for summary judgment was answered by appellant by unsworn pleading asserting the existence of issues of fact as to (1) the identity of the real party plaintiff, (2) the fact of the assignment by appellant to National Automobile and Casualty Insurance Company, (3) the authority of appellant to execute the release pleaded, and (4) the authority of Walter E. Ressel to execute the release pleaded.

This appeal is from the action of the trial court in granting appellee's motion for summary judgment. The one point of error presented is premised upon the proposition that appellee did not discharge the burden of showing that there existed no genuine issue as to any material fact in that nowhere in appellee's motion or supporting affidavit is there any allegation or showing that the National Automobile and Casualty Insurance Company was not the real party at interest by way of subrogation, and that it had authorized, expressly or by implication, or by ratification, the release.

We overrule appellant's point. Aside from the fact that the same counsel represented the original claimant in the negotiation and consummation of the settlement pleaded, the party plaintiff in this litigation, and the asserted real party in interest and the imputed knowledge and authority to which that circumstance would necessarily give rise, we consider that the facts sworn to by appellee in its supporting affidavit, if taken as true, establish a complete defense to everything appellant alleged. We refer in particular to the sworn statement that $100 had been tendered and accepted by appellant in full payment of any and all claims against appellee on account of the collision made the basis of this suit. We further consider that upon the record here presented, that statement must be taken as true. It has been so held in the case of Rolfe v. Swearingen, Tex.Civ.App., 241 S. W.2d 236, 239 (Ref.N.R.E.). In discussing the applicability of Rule 166–A, T.R.C.P., to a fact situation similar to this, the San Antonio Court of Civil Appeals states as follows:

"Appellees' showing was supported by sworn factual statements sufficient upon their face to establish a complete defense to everything appellants alleged. The verity of those sworn statements was in no way challenged by counter-affidavits or other sworn statements. In the hearing to locate the dispute about genuine and material facts, all facts stood undisputed, unchallenged, uncontroverted. When such a condition exists, there are no facts to try, Fowler v. Texas Employers' Ins. Ass'n, [Tex.Civ.App.] 237 S.W.2d 373.

"To give effect to appellants' contentions we must hold that an unsworn petition in the complete absence of affidavits and sworn showing will supply the factual information sufficient to raise a fact dispute in a summary judgment proceeding. If this be the rule it is difficult to conceive a state of facts where a summary judgment would ever be useful except, perhaps, where one would already be entitled to judgment of dismissal or by default. Lindsey v. Leavy, 9 Cir., 149 F.2d 899; 3 Moore Federal Practice, pp. 3174, 3175; Note, 29 Texas Law Review 688. Such a holding will sound the requiem to a rule that has hardly been christened."

By virtue of representation by the same counsel, both the asserted nominal plaintiff and the asserted real party plaintiff were indisputably in a position to deny under oath any sworn statement which was untrue. Their failure to so deny amounts in effect to an admission of the truth of such sworn statement. Upon that admission, the judgment of the trial court properly rests, and is accordingly affirmed.