Tilson D. PERKINS et al., Appellants,

v.

Winnie Davis HARPER, Appellee.

No. 13539.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 25, 1959.

Rehearing Denied Dec. 23, 1959.

Ronald Smallwood, San Antonio, for appellants.

Oliver & Oliver, San Antonio, for appellee.

BARROW, Justice.

This is a suit by Winnie Davis Harper against Tilson D. Perkins and his wife,

Catherine Perkins (now Catherine Brethower), to cancel and hold for naught a contract of sale of parts of two lots and improvements thereon in North Alamo Heights, Bexar County, Texas, alleging nonpayment of an installment. Said suit was filed on December 11, 1953. The defendants filed their original answer, which is not in the record in this cause, on January 4, 1954. Thereafter, on October 8, 1956, the defendants filed their first amended answer and cross-action, alleging that defendants were not in default, that they had made timely tender of the payment alleged to have been in default in plaintiff's petition, and sought to rescind the contract and recover the price paid, as well as the value and cost of improvements made by them on said property. On the 12th day of November, 1958, the trial court sustained plaintiff's plea in abatement and entered an interlocutory order dismissing defendants' cross-action. The defendants excepted thereto and gave notice of appeal. Thereafter, on June 8, 1959, at the request of plaintiff, the suit was dismissed with prejudice. To which action the defendants excepted and gave notice of appeal, and have duly prosecuted their appeal.

The contract of sale was dated February 10, 1953, whereby defendants purchased said real estate for the price of $13,500, $1,500 of which was paid in cash. The balance of the purchase money the defendants agreed to pay at the rate of $150 per month. The contract provided, among other things, that in case the purchasers failed to make the monthly payments as provided in the contract as the same accrued, the seller might at her option declare the contract null and void and of no further force and effect, in which event the buyer agreed to deliver possession of said property to the seller.

By supplemental contract, duly executed, it was agreed that purchasers should have until the 10th day of December, 1953, to pay the December 1, 1953, installment.

Appellants predicate this appeal upon one point of error:

"The error of the trial court in dismissing the cross-action of appellants, they having alleged their performance of the written sale contract according to its terms, and the breach and repudiation of such contract by appellee by instituting suit to rescind the same and forcibly dispossessing appellants from such premises under a writ of sequestration, thus wrongfully denying appellants a recovery of the purchase price paid by them as well as the cost and value of improvements made by them while in possession."

Appellants' cross-action is based on the theory that appellee wrongfully filed suit and dispossessed them at a time when they were not in default, and that by so doing appellee rescinded the contract of sale. That as a result of such rescission they are entitled to recover the money they have paid on the contract as well as the cost and value of the improvements placed thereon, which recovery they sought by their cross-action.

Appellee's original petition, alleging a breach of the contract by appellants in failing to make the December 1, 1953, payment by December 10, 1953, was filed December 11, 1953. In that petition appellee sought a cancellation of the contract on account of said alleged breach. Appellants answered on January 4, 1954, denying any such breach, and then tendered the amount of such payment. The record fails to show that appellants made any further monthly payments due thereafter.

On October 8, 1956, appellants filed their first amended answer and cross-action, in which, for the first time, they sought a recovery of the purchase money paid and the value of the improvements made by them on the property.

Appellee's plea in abatement, in addition to other grounds, is based on the proposition that appellants' cross-action for the recovery of such sums is barred by the two-year statute of limitation. The plea in abatement was based alone on pleadings, no

evidence being heard thereon. We agree with appellants that the plea in abatement amounted to an exception to the cross-action setting up specifically that it failed to state a cause of action and that they should have been given an opportunity to amend. However, the plea in abatement was sustained on November 12, 1958, and had the effect of striking appellants' cross-action. The case remained on the docket from that date until June 8, 1959, when appellee dismissed her original suit. During all that time appellants made no effort to amend their pleading.

■ It is clear that even though appellants were not in default at the time of filing appellee's original suit, they were then put to an election either to enforce the contract or to treat the contract as rescinded and to sue for their damages. In order to maintain such action the innocent party must act promptly. 10 Tex.Jur. 451, Contracts, § 262. The law relating to actions for rescission of contracts for the sale of real estate has been stated in 66 C.J. 1474, Vendor and Purchaser, § 1560, as follows:

"c. Rescission of Contract—(1) In General. The general rules applicable in cases of other contracts apply where a contract for the sale and purchase of land is rescinded, with respect to the right to recover payments made under the contract. The purchaser's action to recover such payments in such case is not founded upon the contract, but, as if the contract had never existed, upon a promise of the vendor implied in law to refund money which he should not in equity and good conscience retain." See also 92 C.J.S. Vendor and Purchaser § 549.

As the pleadings stood at the time the court sustained the plea in abatement, appellants' cross-action having been filed more than two years after the ouster, it is clear that the cross-action was barred by the two-year statute of limitation and therefore the trial court was correct in sustaining the plea in abatement.

It is true that appellants had the right to amend, if they could do so, and state a cause of action at any time during the pendency of the suit. They made no such request and did not even disclose to the court that they desired to do so. In this appeal they make no attempt to show that they could have amended so as to state a cause of action. Therefore, they have failed to show that any error in dismissing their cross-action and in dismissing the suit without allowing an amendment was prejudicial to them. Texas Consolidated Oils v. Hartwell, Tex.Civ.App., 240 S.W.2d 324; American National Bank of Austin v. Sheppard, Tex.Civ.App., 175 S.W.2d 626; Rule 434, Texas Rules of Civil Procedure.

The judgment is affirmed.