TEMCO FEED MILLS, INC., Appellant,

v.

John BECKNER, Appellee.

No. 4087.

Court of Civil Appeals of Texas.

Waco.

March 7, 1963.

Rehearing Denied March 28, 1963.

J. W. Thomas, Jr., Temple, for appellant.

John W. Fulbright, Waco, for appellee.

TIREY, Justice.

This is an appeal from a summary judgment in favor of defendant. Plaintiff filed its original petition on August 8, 1960. Defendant filed its sworn answer in October, 1960, and thereafter, in October 1962, filed its verified motion for summary judgment. Plaintiff made no reply to this motion. In the decree we find this recital:

"* * * and it appearing to the Court that such motion has been made in proper form and time, that proper service thereof has been made and that the parties are before the Court for a hearing thereon; and the Court having considered the pleadings, and there being no depositions on file or affidavits submitted, and finding that the pleadings show an absence of a genuine issue of any material facts and that this Summary Judgment should be

rendered in behalf of the Defendant, * * *"

and the judgment decreed that plaintiff take nothing and that defendant Beckner go hence with his costs.

The judgment is assailed on one point. It is:

"The Court erred in holding unenforceable a new promise to pay indebtedness barred by limitations supported by consideration of promise to forbear bringing action for nonpayment of barred indebtedness in absence of written acknowledgment of justness thereof signed by debtor."

We overrule point one for reasons which we shall hereafter briefly state.

A short statement is necessary. Plaintiff went to trial on its original petition and it consists of some 7 pages. The pleading is somewhat involved and it is a little difficult to state its contents with clarity, but we think the following allegation is sufficient in view of point one, relied on by plaintiff. We quote the allegation:

"Defendant, for and in consideration of the promises and undertaking of the plaintiff hereinafter alleged, promised to pay plaintiff on the fourth day of March, A. D. 1960, the amount of six hundred sixty-four and ninety-seven one hundredths ($664.97) dollars, and Plaintiff, for and in consideration of the promise and undertaking of defendant hereinabove alleged, promised forever to forbear from instituting the following causes of action in a court of competent jurisdiction: * * *"

As we understand plaintiff's petition, it sets out an alleged cause of action that states that the action is already barred by limitation, and that it would have filed such action against defendant if he had not made the promise referred to in the above allegation.

The defendant in his reply entered a general denial and challenged each and

every item referred to in the plaintiff's petition, and in addition thereto, specially plead that the cause of action asserted by the plaintiff accrued more than 2 years before the commencement of the suit, and that it is barred by the statute of limitation. Defendant verified his answer and plaintiff made no reply thereto, nor did the plaintiff reply to the defendant's motion for summary judgment. First of all, Art. 5526, V.A.T.S. provides in part:

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: * * *

"(4) Actions for debt where the indebtedness is not evidenced by a contract in writing."

Plaintiff's petition seeks to recover on a barred debt (on open account) not evidenced by contract in writing. Art. 5539 of our statutes provides:

"When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby."

This Court, in Tolleson v. McAlister, Tex. Civ.App., 33 S.W.2d 573, (1930) writ refused, made this statement:

"Our courts have uniformly held that this statute is mandatory and that where a suit is brought on a debt that is barred, the foundation thereof must be the new promise rather than the old, and that unless the new promise is in writing, same is not binding upon the defendant."

Citing Coles v. Kelsey, 2 Tex. 541, 542, 47 Am.Dec. 661; Cain v. Bonner, 108 Tex. 399, 194 S.W. 1098, 3 A.L.R. 874; Cotulla v. Urbahn, 104 Tex. 208, 135 S.W. 1159, 34 L.R.A.,N.S., 345, Ann.Cas.1914B, 217;

York v. Hughes, Tex.Com.App., 286 S.W. 165. The foregoing cases clearly state the holding of our Supreme Court on Art. 5539, supra, and our Supreme Court has not seen fit to change or modify the rule there announced, and it is applicable and controlling here. We think it is clear that the plaintiff's petition and point one in his brief bring his alleged cause within the above rule, and that therefore the trial court properly granted the motion for summary judgment in favor of defendant. See Brownson v. New, Tex.Civ.App., 259 S.W. 2d 277, writ dis., opinion by Justice Norvell, Points (1-6) pages 279, 280. Citing Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236, n. r. e. See also Miller v. Thomas, Tex.Civ.App., 226 S.W.2d 149, writ ref., points (3, 4) page 152.

Accordingly, the judgment of the trial court is affirmed.