**Anton ZARUBA, Appellant,**

v.

**Paul BOETHEL, Individually, and Executor and Trustee of the Estate of Bertha Umbach, Deceased, Appellee.**

**No. 107.**

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 26, 1965.

Houchins & Tasker, Kenyon Houchins, Houston, for appellant.

Otto Moore, Jr., Columbus, for appellee.

NYE, Justice.

Appellant brought suit against appellee to recover money paid under an oral contract for the purchase of land. The court sustained appellee's motion for summary judgment, entering judgment that appellant take nothing.

The question before us is whether the appellant's cause of action is barred by the two-year statute of limitations under the law of summary judgment practice. We must determine when appellant's cause of action arose to calculate the running of the two-year statute. In this situation we must determine whether any material issues of fact are in dispute as to the time appellant's cause of action accrued.

Appellant's first point contends that the trial court erred in determining that there was no genuine issue of any material fact. The facts set forth in appellant's sworn amended petition and repeated in his brief are as follows:

Appellant entered into an oral agreement with appellee to purchase a parcel of land.

Appellee was to guarantee the title to the property which was to include a one-half interest in an adjacent red brick "party wall". On the 1st day of May, 1957, appellant gave appellee a check in the amount of $700.00 with a notation written on the check "Escrow agreement Lots 7&8 Block 10". Appellee tendered appellant a deed to the property which appellant contends did not include the one-half interest in the contiguous red brick wall. The appellant refused to accept the deed, whereupon appellee deposited the check. Appellant concludes that he stood ready to fulfill his agreement to purchase the property in question and that he did not disaffirm the escrow agreement until this suit was filed.

Appellee, in his sworn answer, stated that the money was deposited on May 4, 1957, to the Estate funds, in which he served as executor and trustee. The money was treated as a part of the estate and as a forfeit on the oral contract of the sale of land which was disaffirmed by the appellant on May 17, 1957. Appellee, in his sworn statement made a part of his motion for summary judgment, stated that on May 15, 1957, he tendered to the appellant a deed conveying the property as contracted for, together with a policy guaranteeing the title thereto, but that the appellant suggested that the deed be changed so that it would recite that such property was to be his separate estate and paid for out of his separate property; that a corrected deed was tendered on May 17, 1957, which was refused by appellant. In further support of appellee's motion for summary judgment, a copy of the deposited check, the original deed, the corrected deed and appellant's original petition were tendered into evidence.

Appellant's suit was filed April 26, 1961, almost four years after the oral contract for the purchase of the property took place. Appellee filed his motion and amended motion for summary judgment shortly after the suit was filed. Appellant did not file any answer whatsoever to the motions for summary judgment, nor did he file any affidavits, depositions or other evidentiary mat-

ters controverting appellee's motions, although nearly three years intervened between the filing of the motions and the hearing on the motion. At the hearing on the motion, no objection was made by appellant to the introduction into evidence of the deeds, the sworn amended answer, or appellant's original petition admitting the refusal of the appellee to convey the property as contracted for and the refusal to refund the money deposited with appellee.

An oral contract for the sale of land ordinarily will not be enforced as violative of the statute of frauds. Appellant did not have a cause of action for specific performance. The purchaser in a proper case may recover the money paid if the vendor refuses to perform. Whaley v. McDonald, 194 S.W. 409 (Tex.Civ.App. 1917); Johnson v. Portwood, 89 Tex. 235, 34 S.W. 596 (Sup.Ct.1896). The accrual of a cause of action is the right to institute and maintain a suit against another. Here, the appellant's right of action was not under the appellee's control, for when appellee refused to convey the property or refund the money, appellant's cause of action arose and the statute of limitations started to run. When considering the statute of limitations, it makes little difference as to the factual dispute giving rise to the controversy. It is only important to determine when the controversy began that would give the appellant the right to seek redress. There is no material fact issue as to the time that the cause of action, if any, in favor of the appellant began, as both parties agree that the property was not conveyed, and the money received was not returned, in May of 1957, more than two years prior to the time that appellant instigated this suit. Appellants cause of action, therefore, as a matter of law, was barred by the two-year statute of limitations. The trial court was authorized to grant the motion for summary judgment. Willoughby v. Jones, 151 Tex. 435, 251 S.W.2d 508 (Sup.Ct.1952).

Appellant's second point complains that the trial court erred in concluding that it affirmatively appeared from the face of appellant's petition that the cause of action was barred by the statute of limitations. Appellant argues that it was clear from his amended petition that he stood ready to perform the oral agreement to purchase and he had neither disaffirmed nor repudiated the agreement, nor made any demand for the return of his money until this suit was filed.

Disregarding for the moment appellant's original petition and considering only appellant's amended petition, we find that appellant admitted that appellee deposited the check to the account of the Estate and " * * * still holds the sum of $700.-00 belonging to this Plaintiff (appellant) in escrow paying it neither to the heirs of Bertha Umbach, deceased, nor returning it to this plaintiff." Appellant stipulated that the check was deposited within a day or so of May 4, 1957. Appellant's cause of action to recover payments made under a contract for the sale and purchase of land is not founded upon the contract but as if the contract had never existed, upon a promise of the vendor implied in law to refund the money which he should not in equity and good conscience retain. Causeway Inv. Co. v. Nass, 131 Tex. 12, 111 S.W. 2d 703 (Com.App.1938), opinion adopted by Supreme Court (see cases cited therein); Perkins v. Harper, 330 S.W.2d 241 (Tex. Civ.App.1959, ref. n. r. e.); see also, 92 C.J.S. Vendor and Purchaser § 549, p. 550.

Appellant contends that formal notice or demand is necessary where money has been appropriated. This is not true. Appellant was placed on notice in May of 1957 that something should be done when he neither received the deed as contracted for, nor a refund of money evidencing a part of the purchase price. The pleadings showed on their face that appellant's cause of action, if any, accrued in May of 1957, and his petition and the other pleadings on file showed his cause of action was barred by the statute of limitations. Taylor v. Missouri-Kansas-Texas R. Co. of Tex., 294 S.W.2d 167 (Tex.Civ.App.1956).

■ The defense of limitation is maintainable under summary judgment procedure. Jenkins v. Kimbro, 380 S.W. 2d 189 (Tex.Civ.App.1964, error dism.); Temco Feed Mills, Inc. v. Beckner, 366 S.W.2d 255 (Tex.Civ.App.1963, error ref.). Where a motion for summary judgment has been on file nearly three years and where the appellant-plaintiff filed no counter affidavits and made no showing other than his pleadings which were on file prior to the filing of the motion for summary judgment, and where appellant made no showing that affidavits were unavailable, the summary judgment was properly granted. Lacy v. Carson Manor Hotel, 297 S.W. 2d 367 (Tex.Civ.App.1956, ref., n. r. e.); Broussard v. Austin Road Company, 276 S.W.2d 912 (Tex.Civ.App.1955).

■ Coming now to the third point, appellant contends that the trial court erred in concluding that an admission in an abandoned pleading was binding upon appellant. There is nothing in the record to show that the trial court reached such conclusion. Appellant admitted in his original petition that his cause of action arose in May, 1957. He admits in his brief that the two-year statute of limitations is applicable to this suit. He argues, however, that the court was unauthorized to consider his original petition. Appellant did not object when appellee introduced the original petition into evidence in support of his motion for summary judgment. No repudiation or counter-affidavits were made to appellee's sworn answer which unequivocally stated facts establishing that the cause of action commenced in May, 1957, nor to a similar sworn statement made by appellee in his motion for summary judgment, nor did appellant explain his failure to do so. In the absence of any objection or where the admitted facts are not subsequently controverted, such prior admission, when considered with appellee's affidavit may be treated as conclusive. Loggins v. Stewart, 218 S.W.2d 1011 (Tex.Civ.App., 1949, wr. ref.); Pena v. Frost Nat. Bank, 119 S.W.2d 612 (Tex.Civ.App., 1938, wr. ref.); Lynch

v. Crockett Independent School Dist., 244 S.W.2d 564 (Tex.Civ.App.1951); see also 4 McDonald Civil Practice, § 17.26, p. 1393– 1394 and cases cited therein.

■ We hold that appellant, who failed to object to the admission contained in the superseded pleading, and also failed to file any counter-affidavits controverting the admission raising a fact question as to the time when his cause of action did commence, may not object to such admission for the first time on appeal. Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Sup. Ct.1962); Hall v. Fowler, 389 S.W.2d 730 (Tex.Civ.App.1965).

Appellant's points are overruled.

Judgment of the trial court is affirmed.