**ST. JOSEPH PROFESSIONAL BUILD-ING COMPANY, Appellant,**

v.

**NEW YORK LIFE INSURANCE COMPANY, Appellee.**

No. 308.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 7, 1970.

Rehearing Denied Feb. 4, 1970.

On October 29, 1962, St. Joseph Professional Building Corporation, appellant, and New York Life Insurance Company, appellee, entered into a contract pursuant to which appellee made a commitment to lend appellant $3,600,000 as the long term financing for the construction of a building. An agreement was made with the National Bank of Commerce for the interim financing of the construction. By the terms of the commitment agreement, $3,000,000 was to be furnished for the basic construction and the other $600,000 was to be furnished only after a certain level in the leasing of the building to tenants had been achieved.

The loan commitment was in the form of a written proposal by appellee to appellant which was accepted by appellant. It contained the following language:

"In consideration of our entering into this agreement and holding ourselves willing and ready to make the loan within the time herein stated and in further consideration of the substantial services and the expenses thereof which this Company, as prospective mortgagee, has been and will be required to render and incur in preparation for the closing, and in view of the difficulty of ascertaining the amount of damages which would be sustained by this Company as a result of your failure to honor and perform your obligations hereunder, your acceptance hereof shall constitute your unconditional obligation to pay this Company, as liquidated damages, the sum of $72,000 if, without fault on our part, the transaction contemplated hereby shall not be consummated for any reason whatsoever. * * *"

John J. Browne, Browne & Moore, Houston, for appellant.

Jarrell D. McDaniel, Vinson, Elkins, Searls & Connally, Houston, for appellee.

TUNKS, Chief Justice.

This is an appeal from a summary judgment.

Upon acceptance of the proposal appellant, as required by the agreement, paid to appellee $36,000 as a deposit to secure part payment of the liquidated damages obligation.

By about the first of the year in 1964 the $3,000,000 available for basic construction had been exhausted. The appellee's agree-

ment with the National Bank of Commerce was such that appellee's commitment for long term financing was conditioned upon the bank's furnishing the interim financing in accordance with the terms of the original loan commitment agreement. When appellant called upon the bank to make advances of part of the additional $600,000, the bank declined to do so because the appellant had not procured the lease agreements with tenants which were required by the loan commitment as a condition to the furnishing of the extra $600,000. Thereupon, the appellant called upon appellee to waive or amend this condition in the loan commitment agreement so as to make available to appellant the extra $600,000. Appellee declined to do so. On June 18, 1964, appellant cancelled the loan commitment and paid the $36,000 balance due under the above quoted liquidated damage clause of the contract. This cancellation was effected by a letter from appellant to appellee saying, "Since we could not comply, we felt there was no point in continuing under the commitment and, consequently, we must cancel the loan commitment and in turn the purchase and sale agreement as well." Appellant then arranged for a loan from another source.

On June 7, 1968, appellant filed suit against appellee to recover the $72,000 it had paid as liquidated damage. Appellant's allegations, in substance, were: the failure to consummate the loan was under circumstances wherein the appellee was not "without fault;" the payment by appellee of the $72,000 was made under economic duress since appellant could not get other financing without satisfying appellee's claim; and the so-called liquidated damages provision was, in fact, a penalty provision and was void. The appellee answered appellant's petition by pleading a general denial, the two-year statute of limitations (Art. 5526, Vernon's Ann.Tex.Civ. St.), and by pleading that the payment by appellant of the $72,000 was voluntarily made on appellant's part in connection with its unilateral cancellation of the commitment agreement. On motion of appellee the trial court rendered summary judgment that appellant take nothing. Appeal is from that judgment.

■■■ The summary judgment evidence conclusively shows that the only thing appellee did which brought about appellant's unilateral cancellation of the loan commitment was to insist upon and refuse to waive or amend its rights and appellant's duties under the terms of the contract. Such did not constitute "fault" upon the part of appellee. The term "fault" as used in this instance means the breach or neglect of a legal duty. One of the definitions of the word "fault" given in Webster's Third New International Dictionary (1967) is:

"A failure to do something required by law or the doing of something forbidden by law."

Black's Law Dictionary, 4th Edition (1951), defines "fault" as:

"The word 'fault,' the primary lexical meaning of which is defect or failing, in the language of the law and in the interpretation of statutes signifies a failure of duty, and is the equivalent of negligence."

Thus, to the extent that appellant's trial petition can be construed as stating a cause of action based upon appellee's alleged breach of its contractual duty, the summary judgment evidence conclusively defeats any recovery by appellant.

■■■ Another basis upon which appellant sought recovery back of the $72,000 paid by it was on the allegation that such payment was made under economic duress, "in that Defendant threatened to cause the bank providing the interim financing to refuse to recognize any substitute loan commitment the Plaintiff obtained." The third basis upon which appellant sought recovery was the allegation that the pur-

ported liquidated damages provision of the contract was a penalty provision and was, therefore, void. Neither of these bases of recovery was either a suit for breach of the commitment contract or a suit on such contract. They were in the nature of a suit for money had and received. Such claims were governed by Art. 5526, V.A. T.S., the two-year statute of limitation. City of Beaumont v. Moore, 146 Tex. 46, 202 S.W.2d 448; Causeway Inv. Co. v. Nass, (Com.App., opinion adopted) 131 Tex. 12, 111 S.W.2d 703; Hull v. Freedman, 383 S.W.2d 236, writ ref., n. r. e.; Wichita County v. Tittle, Tex.Civ.App., 27 S.W.2d 649, affirmed at 41 S.W.2d 11; 6 Tex.Jur.2d, Assumpsit, Sec. 6, pp. 551–552.

Since the summary judgment evidence showed that the failure to consummate the loan was not because of any fault on the part of the appellee and since appellee's claims for money had and received were barred by limitations, the trial court properly rendered summary judgment for appellee.

The judgment of the trial court is affirmed.