# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60439
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2015

Lyle W. Cayce
Clerk

RODNEY C. WILLIAMS,

Plaintiff-Appellant

v.

JOHN C. MORRIS, IV, Substitute Trustee; MORRIS & ASSOCIATES; WELLS FARGO BANK, N.A.; BANK OF FAYETTE COUNTY; ADAMS & EDENS, P.A.; FREDDIE MAC,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:13-CV-123

Before JOLLY, WIENER, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Rodney C. Williams appeals the district court's dismissal of his pro se complaint which asserted various federal and state law claims in relation to the 2012 foreclosure of real property ("the Property") located at 2815 Austin Road, Nesbitt, Mississippi. On motion of some of the defendants pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6), the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60439

district court concluded that Williams failed to state a claim on which relief may be granted, that he lacked standing, and that his claims are barred by res judicata.

Article III standing is a jurisdictional prerequisite. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998); *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989). Article III requires that, at a minimum, a plaintiff show an "injury in fact" that is fairly traceable to the defendant's conduct and that is likely to be redressed by the requested relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). An injury in fact is one that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id*. at 560 (internal quotation marks and citation omitted).

Williams has failed to allege any injury in fact that is not barred by collateral estoppel. All of Williams's claims and the alleged injuries resulting from the defendants' actions rest on his alleged ownership interest in the Property. In dismissing Williams's state law claims stemming from the foreclosure proceedings with prejudice, the DeSoto County (Mississippi) Chancery Court expressly determined that Williams has "no valid, lawful interest" in the Property. Thus, Williams cannot seek recovery for any of the alleged harms set forth in his federal complaint, as amended, without relitigating his purported interest in the Property. *See Stafford v. True Temper Sports*, 123 F.3d 291, 295 (5th Cir. 1997). Without any injury in fact, he does not have standing to bring this action. *See Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 209 (5th Cir. 1994).

Although we affirm the district court's dismissal of Williams's amended complaint for lack of standing, we modify the judgment. Ordinarily, when a complaint is dismissed for lack of jurisdiction, including lack of standing, it should be without prejudice. We therefore modify the district court's judgment

No. 14-60439

to make it without prejudice and affirm it as thus modified. *See, e.g., In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209 (5th Cir. 2010); *cf.* FED. R. CIV. P. 41(b).

AFFIRMED AS MODIFIED.