# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2016

Lyle W. Cayce
Clerk

No. 15-10309

RUSSELL WENDT, Individually, and on behalf of all others similarly situated; OMAR JASSO, Individually, and on behalf of all others similarly situated,

Plaintiffs - Appellants

v.

24 HOUR FITNESS USA, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Russell Wendt and Omar Jasso ("Plaintiffs") appeal the district court's order dismissing their suit against 24 Hour Fitness USA, Inc. ("24 Hour") for lack of Article III standing. We affirm.

I.

24 Hour operates a chain of health clubs. Plaintiffs entered into written membership contracts with 24 Hour, pursuant to which they paid 24 Hour membership dues and fees. In exchange, 24 Hour gave Plaintiffs access to its facilities for their entire membership period.

No. 15-10309

Plaintiffs now claim that their membership contracts with 24 Hour did not strictly comply with several technical provisions of the Texas Health Spa Act (the "Act").[1] Although Plaintiffs effectively concede that 24 Hour's alleged statutory violations did not adversely impact them in any way,[2] they nevertheless request a judicial declaration that their membership contracts were void *ab initio*.[3] They also seek to recover all membership fees they paid to 24 Hour in the past two years, as well as punitive damages, interest, costs, and attorney's fees.[4]

The district court concluded that Plaintiffs had suffered no injury-in-fact. The court reasoned that "[r]egardless of alleged deficiencies in the contractual language, Plaintiffs received what they bargained for: use of a health club

---

[1] Specifically, Plaintiffs claim that their membership contracts violate the Act in the following respects:

(1) The contractual language deviates slightly from mandatory statutory language regarding cancellations, refunds, and prepayment that the Act requires membership contracts to reproduce verbatim;
(2) The contracts purport to limit the venue in which members may sue 24 Hour, in contravention of the Act's broad venue provision;
(3) The contracts purport to limit the member's ability to sue 24 Hour for fraudulent inducement, in contravention of the Act's anti-waiver and anti-fraudulent inducement provisions;
(4) The contracts contain a severability clause in contravention of the Act's anti-waiver and voiding sections; and
(5) The contracts purport to limit 24 Hour's liability to "actual compensatory damages," in violation of the Act's authorization of punitive damages, fees, and costs.

*See* TEX. OCC. CODE ANN. §§ 702.304, 702.305, 702.401, 702.402(a)(2).

[2] As Plaintiffs admit in their appellate brief, they "have never denied that the specific violations [of the Act] themselves did not injure them."

[3] *See* TEX. OCC. CODE ANN. § 702.311(1) (providing that a health club membership contract is void if it does not comply with the Act).

[4] Plaintiffs also sought to certify a class action against 24 Hour. Because the district court dismissed the case for lack of Article III standing, it denied Plaintiffs' motion for class certification as moot.

2

No. 15-10309

facility." The court therefore dismissed the case without prejudice for lack of Article III standing.

## II.

A plaintiff must have Article III standing to maintain an action in federal court.[5] To establish Article III standing, the plaintiff must show (among other things) that he has suffered an "injury in fact."[6] An injury-in-fact constitutes "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."[7] The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing an injury-in-fact.[8] "[T]he jurisdictional issue of standing is a legal question for which review is de novo."[9]

## III.

We agree with the district court that Plaintiffs suffered no injury-in-fact. 24 Hour's alleged violations of the Act did not harm Plaintiffs in any way. To the contrary, 24 Hour gave Plaintiffs exactly what they paid for: access to a gym.[10] Plaintiffs therefore lack Article III standing, and the district court properly dismissed the case.

---

[5] *E.g.*, *Crane v. Johnson*, 783 F.3d 244, 255 (5th Cir. 2015).

[6] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

[7] *Id.* (internal citations and quotation marks omitted).

[8] *Id.* at 561 (citing *FW/PBS Inc. v. Dallas*, 493 U.S. 215, 231 (1990); *Warth v. Seldin*, 422 U.S. 490, 508 (1975)).

[9] *Crane*, 783 F.3d at 250 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998)).

[10] Plaintiffs maintain that the Court may not consider whether they received the benefit of their bargain in exchange for their membership dues.

Generally, "[o]nce injury is shown, no attempt is made to ask whether the injury is outweighed by benefits the plaintiff has enjoyed from the relationship with the defendant." *Texas v. United States*, 809 F.3d 134, 155-56 (5th Cir. 2015), *cert. granted*, 136 S. Ct. 906 (2016) (quoting 13A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3531.4, at 147 (3d ed. 2015)).

No. 15-10309

Plaintiffs nonetheless argue that they have suffered an injury-in-fact in two respects. They first assert that they have suffered an economic injury because the Act and Texas common law entitle them to a full refund of their membership dues. Secondly, Plaintiffs argue that 24 Hour's mere violation of the Act constitutes an invasion of their legally protected rights sufficient to constitute injury-in-fact for the purposes of Article III standing. As explained below, neither of these arguments has merit.

## A.

Plaintiffs first argue they have suffered injury by paying funds to 24 Hour that 24 Hour could not legally collect from them because the Act renders their membership contracts void *ab initio*.[11] Because the contracts are void, Plaintiffs claim that 24 Hour must have provided its facilities to Plaintiffs gratuitously and voluntarily. Plaintiffs therefore claim they are entitled to a complete refund of all amounts paid under the contracts, even though it is undisputed that they received access to 24 Hour's facilities. According to Plaintiffs, their entitlement to a complete refund of all of the fees they paid under their void membership contracts constitutes an economic injury that satisfies Article III standing.

The Act does not support Plaintiffs' claim to the windfall they seek. The text of the Act does not authorize a complete refund for negligible technical

However, when "the costs and benefits ar[i]se out of the same transaction," the Court may consider the benefits the plaintiff received to determine whether the plaintiff has "demonstrated injury" for the purposes of Article III standing. *Id.* (citing *Henderson v. Stalder*, 287 F.3d 374, 379-81 (5th Cir. 2002)).

In this case, all of the costs and benefits arise from a single transaction: Plaintiffs paid 24 Hour membership fees, and in return 24 Hour gave them access to its facilities. We may therefore consider whether those benefits fully offset Plaintiffs' costs. They do.

[11] Like the district court, we assume without deciding that the membership contracts are void. We do not reach 24 Hour's argument that the Act renders noncompliant membership contracts voidable rather than void.

No. 15-10309

violations that otherwise cause no harm to the customer. Rather, the Act's civil remedy provision authorizes only "(1) actual damages; (2) equitable relief; (3) punitive damages; or (4) reasonable attorney's fees and court costs to the prevailing party."[12] Because Plaintiffs have not sustained any actual damages as a result of 24 Hour's alleged violations, and because the plain text of the Act does not entitle them to disgorgement of their membership dues, Plaintiffs have not suffered an economic injury that would give rise to Article III standing.

Plaintiffs also maintain that Texas contract law entitles them to recover the entirety of their membership dues. That too is incorrect. Texas case law permits a plaintiff to recover the purchase price he paid under a void contract only if the defendant fails to give the plaintiff all or part of what he paid for,[13] or if the statute that renders the contract void explicitly provides that the plaintiff is not liable to pay for any past services rendered by the defendant.[14] Neither of those predicates for liability applies here. 24 Hour gave Plaintiffs exactly what they paid for, and the Act does not provide that a health club member is not liable for the payment of any past services rendered under a

---

[12] TEX. OCC. CODE ANN. § 702.503.

[13] *See In re Tex. Ass'n of Sch. Bds., Inc.*, 169 S.W.3d 653, 659 (Tex. 2005); *Hudson v. Belikoff*, No. 14-96-01551-CV, 1999 WL 212201, at *1–2 (Tex. App.—Houston [14th Dist.] Apr. 8, 1999, no pet.) (not designated for publication); *Quintanilla v. Almaguer*, No. 13-96-455-CV, 1998 WL 35276214, at *1–3 (Tex. App.—Corpus Christi May 12, 1998, no pet.) (not designated for publication); *First Sec. Bank & Tr. Co. v. Roach*, 493 S.W.2d 612, 617–19 (Tex. Civ. App.—Dallas 1973, writ ref'd n.r.e.); *Causeway Inv. Co. v. Nass*, 111 S.W.2d 703, 705 (Tex. 1938); *Am. Nat'l Ins. Co. v. Smith*, 13 S.W.2d 720, 723 (Tex. Civ. App.—El Paso 1929, writ ref'd); *Rayner Cattle Co. v. Bedford*, 44 S.W. 410, 411–13 (Tex. Civ. App.—Fort Worth), writ ref'd, 45 S.W. 554 (Tex. 1898).

[14] *See Reyelts v. Cross*, 968 F. Supp. 2d 835, 843-44 (N.D. Tex. 2013), *aff'd*, 566 F. App'x 316 (5th Cir. 2014) (citing TEX. INS. CODE ANN. § 4102.207(b), which, unlike the Act, specifically provides that "[i]f a contract is voided under this section, the insured is not liable for the payment of any past services rendered" under the void contract).

No. 15-10309

void membership contract.[15] Thus, Texas law does not support Plaintiffs' claim of injury.

Because Plaintiffs are not entitled to a full refund of their membership dues, and because 24 Hour's alleged violations of the Act did not cause Plaintiffs actual damages or any other form of economic harm, Plaintiffs have sustained no economic injury. Consequently, they may maintain this lawsuit only if they have suffered some non-economic injury that confers Article III standing.

B.

Plaintiffs next argue that a mere violation of the Act constitutes a cognizable injury-in-fact even in the absence of economic injury.

It is true that "[t]he actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.'"[16] "Congress[17] may create a statutory right or entitlement the alleged deprivation of which can confer standing to sue even where the

---

[15] *Compare* TEX. INS. CODE ANN. § 4102.207(b).

[16] *Warth*, 422 U.S. at 500 (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n.3 (1973); *Sierra Club v. Morton*, 405 U.S. 727, 732 (1972)).

The Supreme Court recently granted *certiorari* in *Spokeo, Inc. v. Robins*, Docket No. 13-1339, to consider "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." This case does not implicate that question because, for the reasons explained below, the Texas legislature has not authorized a private right of action based on a bare violation of the Act.

[17] We assume without deciding that the Texas legislature, like Congress, also has the power to elevate otherwise trivial inconveniences to legally cognizable injuries-in-fact. *See Scanlan v. Eisenberg*, 669 F.3d 838, 845 (7th Cir. 2012) (citing *FMC Corp v. Boesky*, 852 F.2d 981, 993 (7th Cir. 1988)); *Katz v. Pershing, LLC*, 672 F.3d 64, 75 (1st Cir. 2012). *But see Finkelman v. Nat'l Football League*, 810 F.3d 187, 196 n.65 (3d Cir. 2016) (stating that permitting a state legislature to "elevate harms to the status of Article III injuries" would "raise serious federalism concerns").

plaintiff would have suffered no judicially cognizable injury in the absence of statute."[18]

"[W]here, as here, a plaintiff's claim of injury in fact depends on legal rights conferred by statute, it is the particular statute and the rights it conveys that guide the standing determination."[19] "Essentially, the standing question in such cases is whether the . . . statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief."[20] "Hence, the 'injury in fact' analysis for purposes of Article III is directly linked to the question of whether" the plaintiff "has suffered a cognizable statutory injury under the" statute in question.[21]

We conclude that Plaintiffs have suffered no cognizable statutory injury under the Act. The Act explicitly provides: "A member may file suit against a seller if: (1) the seller violates [the Act]; *and (2) the seller's violation causes injury to the member*."[22] The italicized phrase establishes that a violation of the Act, standing alone, does not constitute a freestanding injury that authorizes a member to bring suit. Thus, the Act does not authorize members to sue health clubs for technical statutory violations which cause the member no harm.

Moreover, the Act does not authorize health club members to recover statutory or nominal damages for mere technical violations.[23] To reiterate, the

---

[18] *Warth*, 422 U.S. at 514 (citing *Linda R.S.*, 410 U.S. at 617 n.3).

[19] *Donoghue v. Bulldog Inv'rs Gen. P'ship*, 696 F.3d 170, 178 (2d Cir. 2012) (citing *Warth*, 422 U.S. at 500).

[20] *Warth*, 422 U.S. at 500.

[21] *Robey v. Shapiro, Marianos & Cejda, L.L.C.*, 434 F.3d 1208, 1212 (10th Cir. 2006).
For that reason, we reject Plaintiffs' argument that the district court erroneously conflated statutory standing with Article III standing.

[22] TEX. OCC. CODE ANN. § 702.501(a) (emphasis added).

[23] Whereas the *Texas Attorney General* may potentially recover civil penalties for a health club's violation of the Act which causes no economic or other harm to its members, *individual health club members* may not. *See id*. §§ 702.552, 702.553.

No. 15-10309

Act instead limits recovery to "(1) actual damages; (2) equitable relief; (3) punitive damages; or (4) reasonable attorney's fees and court costs to the prevailing party."[24] This bolsters our conclusion that the Act does not elevate standalone statutory violations to cognizable injuries in fact.

Thus, the Act cannot "properly . . . be understood as granting persons in [Plaintiffs'] position a right to judicial relief."[25] To the contrary, the Act requires a health club member to be injured by a statutory violation before he may bring suit. As explained above, 24 Hour's alleged violations of the Act did not injure Plaintiffs in any way. Because Plaintiffs did not suffer an injury within the meaning of the Act, they lack Article III standing.[26]

AFFIRMED.

---

[24] *Id*. § 702.503.

[25] *See Warth*, 422 U.S. at 500.

[26] Plaintiffs argue that they have standing to pursue their claim under Texas's Deceptive Trade Practices Act and their claim for "money had and received" even if they lack standing to bring a claim under the Act. Plaintiffs have offered no persuasive argument to support that contention, so we reject it.