# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2021

Lyle W. Cayce
Clerk

No. 20-10903

Robert M. Glen,

*Plaintiff—Appellant*,

*versus*

American Airlines, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-482

Before King, Dennis, and Ho, *Circuit Judges*.
James C. Ho, *Circuit Judge*:

"The Founders recognized that the protection of private property is indispensable to the promotion of individual freedom.  As John Adams tersely put it, '[p]roperty must be secured, or liberty cannot exist.'" *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2071 (2021) (quoting *Discourses on Davila*, *in* 6 Works of John Adams 280 (C. Adams ed. 1851)).  Channeling that spirit, Congress responded to Fidel Castro's widespread confiscation of property in Cuba by enacting the Helms-Burton Act into law in 1996.  *See* 22 U.S.C. § 6021 *et seq*.  The Act allows any United States

No. 20-10903

national with a claim to property confiscated by the Cuban Government to sue any person who traffics in such property. *Id.* § 6082(a)(1)(A).

In that same spirit, we disagree with the district court's decision to dismiss Robert Glen's claim under the Act for lack of standing. We side instead with courts that have held that "the legally cognizable right provided by the Helms-Burton Act to the 'rightful owners' of properties" confiscated by Castro "allows [those property owners] to assert a concrete injury based on Defendants' alleged 'trafficking' in the [those] [p]roperties." *Glen v. Trip Advisor LLC*, 2021 WL 1200577, at *6 (D. Del. Mar. 30, 2021). *See also Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd.*, 484 F. Supp. 3d 1215, 1227–27 (S.D. Fla. 2020) (same).

But Glen's claim ultimately fails on the merits because it does not satisfy certain statutory requirements under the Act. If the property giving rise to suit was confiscated before March 12, 1996, a United States national may not bring an action under the Act unless he acquired ownership of the claim before March 12, 1996. 22 U.S.C. § 6082(a)(4)(B). We agree with the district court's alternative conclusion that this time limit is fatal to this suit, because the property in which Glen claims an ownership interest was confiscated before 1996—yet he did not inherit his claim to that property until *after* 1996.

Accordingly, we vacate the district court's dismissal of the case for lack of standing and render judgment for the defendant.

## I.

After Fidel Castro seized power, he confiscated the property of "millions of his own citizens" and "thousands of United States nationals" in Cuba. 22 U.S.C. § 6081(3)(B)(i), (ii). In response, Congress enacted the Helms-Burton Act "[t]o deter trafficking in wrongfully confiscated property" and provide "United States nationals who were the victims of

these confiscations . . . with a judicial remedy in the courts of the United States." *Id.* § 6081(11). Title III of the Act establishes a private right of action for "any United States national who owns the claim to [confiscated property]" against "any person that . . . traffics in [such] property." *Id.* § 6082(a)(1)(A).

Congress also gave the President the power to suspend the private right of action created by Title III of the Act. *Id.* § 6085(b). Every President has suspended that right of action from 1996 until 2019. But in May 2019, President Trump ended the suspension of Title III, allowing plaintiffs like Robert Glen to sue under the Act.

Glen is a naturalized United States citizen. His great-grandfather owned two beachfront properties in Varadero, Cuba. Eventually, the Varadero properties were passed down to Glen's mother and aunt. Later, in connection with the Cuban revolution, the Castro regime confiscated the Varadero properties. At the time the properties were confiscated, Glen's mother and aunt were Cuban nationals. *See*, *e.g.*, *Glen v. Club Méditerranée, S.A.*, 450 F.3d 1251, 1255 n.3 (11th Cir. 2006) (noting, in another suit brought by Glen, that "the Varadero property at issue in this litigation was owned by Cuban nationals at the time of its expropriation"). Glen alleges that he inherited an ownership interest in some of the properties when his aunt passed away in 1999 and in the rest when his mother passed away in 2011.

Today, Varadero is a popular tourist destination, and the Varadero properties are home to four resort hotels. During the two years relevant to this appeal, American Airlines operated a website, BookAAHotels.com, which offered travelers the option to reserve hotel rooms in Cuba, including rooms at the four hotels located on the Varadero properties. American received a total of $503.18 in commissions for twelve reservations at three of

these hotels. The last time any of the hotels was booked through American's website was July 19, 2019.

In 2019, Glen sued American in federal district court, alleging that American had trafficked in confiscated property in violation of Title III of the Helms-Burton Act, seeking damages that include triple the value of the Varadero properties.

The district court granted American's motion to dismiss on three independent grounds. First, it held that Glen lacks Article III standing because he did not suffer a concrete injury. Second, it held that Glen could not bring a suit under the Act because he acquired his claim to the properties after March 12, 1996. Finally, it held that Glen failed to plead that American acted with the requisite knowledge and intent. Glen appeals.

## II.

We review a dismissal for lack of standing de novo. *E.g.*, *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009). Article III standing has three elements: injury-in-fact, traceability, and redressability. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

The district court held that Glen does not have standing because he did not suffer a concrete injury. Rather than defend this ruling on appeal, American argues that Glen did not suffer an injury-in-fact because he lacks a legally protected interest in the Varadero properties. American further asserts that even if Glen did have such an interest, any injury is not traceable to American. We disagree and hold that Glen has standing.

4

Glen suffered a concrete injury because he alleges that he was harmed by American's trafficking in property that belongs to him.  The Supreme Court has explained that "[c]entral to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021) (citing *Spokeo*, 136 S. Ct. at 1549–50).  The harm allegedly caused by American's trafficking bears a close relationship to unjust enrichment, which has indisputable common-law roots. *See The Intellectual History of Unjust Enrichment*, 133 Harv. L. Rev. 2077, 2078–87 (2020) (describing unjust enrichment's common-law foundations).  The Congressional findings of the Helms-Burton Act recognize as much, stating that the international judicial system "lacks fully effective remedies for the wrongful confiscation of property and for unjust enrichment from the use of wrongfully confiscated property."  22 U.S.C. § 6081(8).  The district court did not consider this aspect of the concreteness inquiry, and accordingly erred by concluding that Glen did not suffer a concrete injury. *See*, *e.g.*, *Glen*, 2021 WL 1200577, at *6.

American responds that Glen could not have inherited any interest in the Varadero properties because the Cuban government confiscated them years earlier.  As a result, there was nothing for his relatives to pass down to Glen upon their deaths.  And without an enforceable title to the Varadero properties, American says, Glen does not have a legally protected interest.

But American's argument goes to the merits of Glen's claim, not his standing.  "[T]he distinction between standing and the merits" can sometimes "cause conceptual trouble when a plaintiff alleges the deprivation of a dubious property or liberty interest." *Protect Our Parks, Inc. v. Chicago Park Dist.*, 971 F.3d 722, 736 (7th Cir. 2020).  "But when the existence of a

protected property interest is an element of the claim, deciding whether the interest exists virtually always goes to the merits rather than standing." *Id.*

In *Webb v. City of Dallas*, 314 F.3d 787 (5th Cir. 2002), for example, this court held that, although the plaintiffs "may ultimately fail to prove ownership or any property interest entitlement to [the property at issue in their takings claim]," they nonetheless had standing because their complaint "assert[ed] an interest in the property dispute sufficient to meet the minimum constitutional requirements of Article III." *Id.* at 791.

Similarly, to establish a claim under the Helms-Burton Act, a plaintiff must show that he is a "United States national who owns the claim" to property confiscated by the Cuban Government. 22 U.S.C. § 6082(a)(1)(A). Accordingly, ownership of a claim to confiscated property is an element of a Helms-Burton Act claim. Glen's complaint alleges an interest in the Varadero properties. That allegation, as in *Webb*, is sufficient to meet the minimum requirements of Article III.

This conclusion is bolstered by the text of the Helms-Burton Act. The Act provides that "[n]o court of the United States shall decline, based upon the act of state doctrine, to make a determination on the merits in an action brought under [the Act]." *Id.* § 6082(a)(6). The act-of-state doctrine "prevents United States courts from determining the validity of the public acts of a foreign sovereign." *Fed. Republic of Germany v. Philipp*, 141 S. Ct. 703, 711 (2021).

So the act-of-state doctrine requires us to assume the validity of the Cuban confiscation. And that is exactly what American asks us to do here: assume the validity of Castro's confiscation of the Varadero properties and hold that Glen does not have a legally protected interest in those properties. But the Act reverses that assumption by abrogating the act-of-state doctrine in cases such as this.

6

Alternatively, American contends that Glen lacks standing for a different reason—because his injury is not traceable to its actions. To show traceability, a plaintiff must allege that his injury is "connect[ed] with the conduct about which he complains." *Trump v. Hawaii*, 138 S. Ct. 2392, 2416 (2018). "Article III requires a causal connection between the plaintiff's injury and the defendant's challenged conduct." *Inclusive Communities Project, Inc. v. Dep't of Treasury*, 946 F.3d 649, 655 (5th Cir. 2019).

American points out that it is not responsible for either the confiscation of the properties or the operation of the hotels on those properties. As a result, American claims, the remedy sought by Glen—triple the value of the properties—shows that the injury he seeks to redress is traceable only to Cuba and the hotel operators, and not to any unjust enrichment resulting from the $503.18 that American received in commissions.

We disagree. Glen's alleged injury is traceable to American. He alleges an injury that is entirely separate from either the confiscation of the properties or the operation of hotels on those properties. Specifically, he alleges that American was unjustly enriched because it did business with the entities that now occupy the properties that were wrongly taken from him. As the Southern District of Florida recognized in another case brought under the Helms-Burton Act, there is a direct "causal link between a claimant's injury from the Cuban Government's expropriation of their property and a subsequent trafficker's unjust enrichment from its use of that confiscated property." *Havana Docks*, 484 F. Supp. 3d at 1230. *See also Glen*, 2021 WL 1200577, at *7 ("Glen alleges he was harmed by [Trip Advisor's] trafficking in the [Varadero] [p]roperties without his authorization or paying compensation to him," and that "he would not have been harmed if [Trip Advisor] had not trafficked in the Subject Properties.").

Glen has standing to sue.

## III.

Although Glen has standing to sue, his claim fails on the merits.

The Helms-Burton Act provides that, "[i]n the case of property confiscated before March 12, 1996, a United States national may not bring an action under this section on a claim to the confiscated property unless such national acquires ownership of the claim before March 12, 1996." 22 U.S.C. § 6082(a)(4)(B). As Glen's complaint makes clear, the Cuban government confiscated the Varadero properties long before 1996. So under section (a)(4)(B), Glen may not bring an action unless he "acquire[d] ownership of the claim before March 12, 1996." *Id.* But Glen inherited the properties after 1996—in 1999 and 2011. So Glen cannot bring a claim under the plain text of the statute.

Glen argues that the word "acquires" doesn't mean what it says. The word "acquires," he says, does not include inheritance, because Congress intended for the word to require some degree of "active conduct" by the transferee, like an affirmative purchase, rather than a mere passive event, such as inheriting a claim by operation of law from close family.

We disagree with Glen's reading of the statute. The plain meaning of "acquires" is "[t]o gain possession or control of; to get or obtain." *Acquire*, Black's Law Dictionary 29 (11th ed. 2019); Webster's Third New Int'l Dictionary 18 (1993) ("[T]o come into possession, control, or power of disposal of."). That includes inheritance. If Congress meant for "acquires" to require some form of active conduct, like a purchase, it knew how to communicate that meaning. In fact, it did so in the very same section of the Act: "In the case of property confiscated on or after March 12, 1996, a United States national who, after the property is confiscated, *acquires ownership of a claim to the property by assignment for value*, may not bring an

action on the claim under this section."   22 U.S.C. § 6082(a)(4)(C) (emphasis added).  There would have been no reason for Congress to add the words "by assignment for value" if "acquires ownership" was already limited to assignment for value.

Every court to address the issue has read the statute the same way as we do.  *See Gonzalez v. Amazon.com, Inc.*, 835 F. App'x 1011, 1012 (11th Cir. 2021) (holding that the plaintiff, who inherited property in 2016, "did not possess a claim to confiscated property until twenty years after the Helms-Burton Act's cutoff date"); *Glen*, 2021 WL 1200577, at *7 ("[S]ince Glen did not acquire the ownership of the claim before March 12, 1996, by inheritance or any other manner, he falls within the category of 'United States nationals' who 'may *not* bring an action under this section.'") (quoting 22 U.S.C. § 6082(a)(4)(B)); *Garcia-Bengochea v. Carnival Corp.*, 2020 WL 4590825, at *4 (S.D. Fla. July 9, 2020) (dismissing Helms-Burton Act claim where plaintiff inherited property after 1996); *Garcia-Bengochea v. Royal Caribbean Cruises, Ltd.*, 2020 WL 6081658, at *3 (S.D. Fla. Oct. 15, 2020) (same).[1]

* * *

Glen has standing to sue.  But he acquired ownership of the properties through inheritance after 1996, so his claim fails on the merits.  Accordingly, we vacate the dismissal of the case for lack of standing and render judgment for the defendant.

---

[1] Because this issue is dispositive, we need not address the district court's alternative rationale for dismissal on the merits—Glen's purported failure to plead that American acted with the requisite knowledge and intent.