**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1842
_____

ROBERT M. GLEN,
                                        Appellant
v.

TRIP ADVISOR, LLC; TRIP ADVISOR, INC.; TRIP NETWORK, LLC, d/b/a Cheap
Tickets; ORBITZ, LLC; KAYAK SOFTWARE CORPORATION; BOOKING
HOLDINGS, INC; EXPEDIA, INC.; EXPEDIA GROUP, INC.; HOTELS.COM, LP;
HOTELS.COM GP, LLC; TRAVELSCAPE, LLC, d/b/a Travelocity
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:19-cv-01809)
District Judge: Honorable Leonard P. Stark
_____

No. 21-1843
_____

ROBERT M. GLEN,
                                        Appellant
v.

VISA, INC.; VISA USA, INC.; VISA INTERNATIONAL SERVICE ASSOCIATION;
MASTERCARD INCORPORATED; MASTERCARD INTERNATIONAL
INCORPORATED
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:19-cv-01870)
District Judge: Honorable Leonard P. Stark
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 24, 2022.

**OPINION**[*]

_____

Krause, *Circuit Judge*.

Appellant Robert Glen challenges the District Court's dismissal of his claims against Visa, Mastercard, and several online travel agencies under the Helms-Burton Act, 22 U.S.C. § 6082(a)(1). For the reasons that follow, we will affirm.

## I. BACKGROUND

The Helms-Burton Act empowers United States nationals whose property has been confiscated by the Castro regime to recover damages from anyone who "traffics" in that property. § 6082(a)(1)(A). However, the Act limits eligible plaintiffs to those who "acquire[] ownership of the claim [to the confiscated property] before March 12, 1996." § 6082(a)(4)(B). Glen contends that he satisfies this requirement because his aunt and mother acquired ownership in two beachfront properties prior to 1996 that the Castro regime eventually confiscated and developed into hotels. According to Glen, because he inherited those ownership interests upon the deaths of his aunt and mother in 1999 and 2011, respectively, he should also be the beneficiary of their acquisition dates.

On this theory, Glen filed suit in the United States District Court for the District of Delaware in September 2019, claiming that Visa, Mastercard, and several online travel

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

agencies violated the Helms-Burton Act by "trafficking" in his confiscated properties when they facilitated bookings and payments at the hotels. *Id.* § 6082(a)(1).

But this case was not the only time Glen brought claims on this theory. Throughout 2019 and 2020, Glen simultaneously litigated a substantively identical suit against American Airlines in the United States District Court for the Northern District of Texas, claiming that he "acquire[d] ownership of the claim" to the confiscated properties before the statutory cut-off date by virtue of his inheritance and that the airline "traffick[ed]" in those properties by facilitating bookings at the hotels. *Glen v. Am. Airlines, Inc.*, No. 4:20-CV-482-A, 2020 WL 4464665, at *1, 4 (N.D. Tex. Aug. 3, 2020) (alteration in *Glen*) (quoting § 6082(a)(4)(B)). The District Court for the Northern District of Texas dismissed Glen's case, holding both that he lacked Article III standing and that he was ineligible to sue under the Helms-Burton Act because he acquired his claim to the properties when he inherited them, after March 12, 1996. *Id.* at *2–4. Affirming the dismissal, the Fifth Circuit held that Glen actually did have Article III standing but agreed with the District Court that his acquisition date was the date of his inheritance, rendering him ineligible for relief under § 6082(a)(4)(B). *Glen v. Am. Airlines, Inc.*, 7 F.4th 331, 336 (5th Cir. 2021). Glen then filed a petition for *certiorari*, which the United States Supreme Court denied. 142 S. Ct. 863 (2022).

In the meantime, in the underlying case here, the United States District Court for the District of Delaware also dismissed Glen's case against Visa, Mastercard, and the travel agencies. In March 2021, before the Fifth Circuit issued its opinion, the District Court likewise ruled that Glen had standing, but that he acquired his ownership interests

3

upon inheriting them, *i.e.*, after the statutory cut-off. Glen then filed this timely appeal.

## II. DISCUSSION[1]

Before we can address Glen's claims under the Helms-Burton Act, we must first assure ourselves that he satisfies "the irreducible constitutional minimum of standing," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), which requires, as relevant here, that he allege a sufficiently "concrete" injury in fact. In *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), the Supreme Court explained that intangible injuries, like the loss of a property right, are sufficiently concrete if they bear "a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *Id.* at 2204 (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340–41 (2016)).

Here, we agree with the Fifth Circuit that the harm Glen alleges—namely, Appellees' wrongfully profiting from his usurped properties—"bears a close relationship to unjust enrichment, which has indisputable common-law roots." *Glen*, 7 F.4th at 334. As our sister circuit observed, "[t]he Congressional findings of the Helms-Burton Act recognize as much, stating that the international judicial system 'lacks fully effective remedies for the wrongful confiscation of property and for unjust enrichment from the use of wrongfully confiscated property.'" *Id.* (quoting 22 U.S.C. § 6081(8)); *see also N. Am. Sugar Indus. Inc. v. Xinjiang Goldwind Sci. & Tech. Co.*, No. 20-CV-22471, 2021

---

[1] The District Court had subject matter jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's determination of standing *de novo* where, as here, that determination depended on the Court's resolution of a legal, rather than factual, issue. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 266 (3d Cir. 2014). We review the District Court's dismissal of Glen's complaint for failure to state a claim *de novo*. *Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 159 (3d Cir. 2017).

WL 3741647, at *4 (S.D. Fla. Aug. 24, 2021) (same). Glen's alleged injury is therefore sufficiently concrete to confer standing.[2]

On the merits, Glen contests the District Court's interpretation of the Helms-Burton Act, but we do not reach his statutory arguments because the doctrine of collateral estoppel precludes him from relitigating them here. Collateral estoppel, also known as issue preclusion, prohibits "parties from relitigating an issue that has already been actually litigated" when the following criteria are met: "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." *Peloro v. United States*, 488 F.3d 163, 174–75 (3d Cir. 2007) (alterations in *Peloro*) (quoting *Burlington N. R.R. Co. v. Hyundai Merch. Marine Co.*, 63 F.3d 1227, 1231–32 (3d Cir. 1995)). The estopped party must also have been "fully represented in the prior action." *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 173 (3d Cir. 2009) (quoting *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006)). Where, as here, the prior litigation involved different parties and a defendant seeks to invoke issue preclusion against a plaintiff, we require in addition that "the party to be precluded must have had a 'full and fair' opportunity to litigate the issue in the first action." *Peloro*, 488 F.3d at 175 (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 328, 332 (1979)).

---

[2] Judge Bibas would have found that Glen lacked standing because his harm does not bear a close relationship to any of the kinds of harms that have historically given rise to a claim for unjust enrichment.

Glen's prior lawsuit against American Airlines satisfies all of these elements. First, Glen raises the same statutory issue in this appeal that he litigated before the Fifth Circuit—that one does not "acquire" property within the meaning of the Helms-Burton Act through inheritance, but rather succeeds to the testator's acquisition date. *Compare* Opening Br. 2 (characterizing the issue presented for review as whether "the District Court err[ed] in holding that Glen cannot assert an action under the Helms-Burton Act because he inherited his claim to confiscated property after March 12, 1996"), *with Glen*, 7 F.4th at 336 (observing that "Glen argues that the word 'acquires' . . . does not include inheritance"). Second, Glen "actually litigated" this statutory issue before the Fifth Circuit, which rejected his arguments. *Peloro*, 488 F.3d at 175; *see Glen*, 7 F.4th at 336. Third, the Fifth Circuit did so in a final and valid judgment. *Glen*, 7 F.4th at 337. Fourth, the resolution of that issue was essential to, and indeed the sole basis for, the Fifth Circuit's judgment. *Id.* Fifth, Glen was fully represented by counsel in that case. *See id.* at 332. Finally, Glen enjoyed a "full and fair opportunity" to litigate the statutory issue, *Peloro*, 488 F.3d at 176, because he was the sole plaintiff in the suit against American Airlines and exhausted all avenues of appeal, up to and including the United States Supreme Court.

Glen objects that "[c]ourts disfavor applying non-mutual issue preclusion to pure questions of law." Opening Br. 36. But under our precedent, collateral estoppel nonetheless applies where, as here, the prior case was not "so unrelated . . . that relitigation of the issue is warranted." *Burlington N. R.R. Co.*, 63 F.3d at 1238; *see Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n*, 288 F.3d 519, 530 (3d Cir. 2002). Nor

6

has Glen identified "any intervening change in the applicable legal context which would warrant new consideration," *Burlington N. R.R. Co.*, 63 F.3d at 1238; *cf. Duvall v. Att'y Gen.*, 436 F.3d 382, 391 (3d Cir. 2006) (declining to apply collateral estoppel when doing so would frustrate "several recent overhauls" of the applicable statute), or offered a plausible rationale for why estoppel would be "inequitable" in this case. *Burlington N. R.R. Co.*, 63 F.3d at 1238. And contrary to Glen's assertions, *Burlington Northern Railroad Co.* is not limited to the context of forum shopping. Rather, in subsequent decisions, we have applied *Burlington Northern Railroad Co.* to pure questions of law even outside that context. *See Nat'l R.R.*, 288 F.3d at 530 (citing *Burlington N. R.R. Co.*, 63 F.3d at 1237).

Because Glen's statutory argument is collaterally estopped, his claims under the Helms-Burton Act fail on the merits and must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, we will affirm the judgment of