# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2022

Lyle W. Cayce
Clerk

No. 21-30534

Randy Denning,

*Plaintiff—Appellant*,

*versus*

Bond Pharmacy, Incorporated, *doing business as* Advanced
Infusion Care, *doing business as* Advanced Infusion
Solutions, *doing business as* AIS Healthcare,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-774

Before Stewart, Clement, and Elrod, *Circuit Judges*.

Carl E. Stewart, *Circuit Judge*:

In 2019, Randy Denning began receiving prescription medication administered through a pain pump and filled by AIS Healthcare ("AIS"). In 2021, she discovered that AIS was billing her insurer at a rate of $120 per day for allegedly unauthorized services. Denning filed suit in state court, seeking damages for contract, tort, and unjust enrichment claims. AIS removed to federal court and moved to dismiss the case on grounds that Denning lacked standing to sue because she had suffered no injury. Noting that "a breach of

No. 21-30534

contract alone is an insufficient injury in fact," the district court concluded that Denning could not satisfy standing's redressability element for the claims asserted and dismissed them with prejudice under Rule 12(b)(1). *See* FED. R. CIV. P. 12(b)(1). For the following reasons, we affirm the district court's judgment dismissing Denning's claims for lack of standing, however, we modify the judgment to make it without prejudice and affirm as modified.

## I. FACTUAL & PROCEDURAL BACKGROUND

In October 2019, Denning began receiving outpatient care for chronic pain with medication administered through an intrathecal pain pump. This pump is implanted under the skin and filled with a customized medication that it delivers through a catheter directly to the spinal cord. It can deliver medication at scheduled intervals for several months before requiring a refill, enabling a patient to receive day-to-day pain treatment outside of an in-patient healthcare facility.

According to Denning, her physician prescribed medication to be filled by AIS which is a national compounding pharmacy that provides specialized home infusion therapy using pain pumps. Denning signed two agreements with AIS in October 2019. The first authorized AIS to provide services to Denning pursuant to the orders of her physician. The second assigned to AIS insurance benefits payable for products or services provided by the pharmacy.

In February 2021, Denning discovered that AIS had billed her insurer at a daily rate of $120 for services that she alleges neither she nor her physician had authorized. The following month, Denning filed a petition in Louisiana state court seeking compensatory and punitive damages, and alternatively, restitution. Denning's petition included state law claims for

breach of contract, unjust enrichment, and fraudulent misrepresentation.[1] She asserted her claims individually and on behalf of a class of hundreds of similarly situated Louisiana patients billed by AIS over the last decade.

AIS removed the suit to federal district court and filed a motion to dismiss the petition or strike the class action allegations. In doing so, AIS argued that (1) the case should be dismissed under Rule 12(b)(1) for lack of standing; (2) the claims for unjust enrichment and fraudulent misrepresentation should otherwise be dismissed under 12(b)(6) for failure to state a claim; and (3) if claims remain, Denning's class action allegations should be stricken for failure to show a predominance of common issues among a proposed class. *See* FED. R. CIV. P. 12(b)(1), (6). According to AIS, Denning lacked standing to assert her claims because she suffered no injury. AIS reasoned that Denning had not alleged that she paid any of the billed amounts or that AIS had threatened collection proceedings against her. Rather, she had alleged only that her insurer wrongfully paid for billed services. Thus, AIS argued, Denning had suffered no financial loss and allegedly could not show an injury for standing purposes.[2]

In her opposition to AIS's motion, Denning conceded that she suffered no financial loss but averred that the alleged billing practices nevertheless resulted in a redressable injury. According to Denning, "[a] party to a contract undoubtedly has standing to file a suit for breach of that

---

[1] In Denning's opening brief, she refers to both "intentional misrepresentation" and "negligent misrepresentation." Because Denning did not raise negligent misrepresentation in her petition, however, it is "not properly before the court" and we decline to address it. *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990).

[2] Although AIS did not file an answer before Denning's claims were dismissed, it stated in its motion and in oral argument before this court that it disputes her allegation that the charges were unauthorized.

contract," and several violations of Louisiana law arising from AIS's billing activities could serve as a basis for standing.

In August 2021, the district court granted AIS's Rule 12(b)(1) motion to dismiss on grounds that Denning had failed to establish standing for her claims. In its reasons, the district court observed that "[c]ourts in other circuits are wrestling with the question of whether a breach of contract alone, without any further harm or injury, constitutes an injury in fact for standing purposes." After noting that the Fifth Circuit has not directly addressed this question, the district court concluded that "[i]t appears . . . Article III standing requires a concrete injury to plaintiff such that a breach of contract alone is an insufficient injury in fact." In support, the district court cited the Supreme Court's reasoning in *Spokeo, Inc. v. Robins* that standing requires a concrete injury, "even in the context of a statutory violation." 578 U.S. 330, 341 (2016). However, the district court did not rest its disposition on an injury in fact analysis and ultimately held that Denning could not satisfy standing's redressability element. The district court reasoned that "if Plaintiff has not suffered any concrete losses . . . there is nothing to compensate." It explained that the disgorgement of funds paid by Denning's insurer would only redress the insurer's injury, not hers. The district court then dismissed Denning's claims with prejudice. This appeal followed.

## II. STANDARD OF REVIEW

"Standing is a question of law that we review de novo." *Rivera v. Wyeth-Ayerst Lab'ys*, 283 F.3d 315, 319 (5th Cir. 2002). "We review for clear error all facts expressly or impliedly found by the district court." *Id.* "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). "Since they are not mere pleading requirements, but rather an indispensable part of the plaintiff[']s case, each element of standing must be

No. 21-30534

supported in the same way as any other matter on which the plaintiff bears the burden of proof[.]" *In re Deepwater Horizon*, 739 F.3d 790, 799 (5th Cir. 2014) (quoting *Lewis v. Casey*, 518 U.S. 343, 358 (1996)). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.* "[O]ur review is limited to whether the complaint is sufficient to allege the jurisdiction." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

## III. Discussion

On appeal, Denning argues that the district court erred in holding that she had failed to demonstrate a sufficient injury to support Article III standing.[3] She also advances an unjust enrichment claim for the amounts improperly collected from her insurer by AIS.[4] Last, she contends that the district court erred in dismissing her case with prejudice. We address each argument in turn.

---

[3] Denning points to other theories of injury for her contract and tort claims in her briefing before this court, however, because she did not adequately plead these alternative theories to the district court, we cannot consider them on appeal. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (noting that our review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint").

[4] Because this is an appeal from a motion to dismiss, the court, as part of its standing analysis, investigates all the causes of action raised in the complaint.

No. 21-30534

*A.  Standing*

We first examine whether the breach as alleged in Denning's contract and tort claims is an injury for standing purposes.[5] We conclude that it is. Article III of the Constitution extends the judicial power of the United States only to "Cases" and "Controversies." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) (quoting U.S. CONST. art. III, § 2). "Standing to sue is part of the common understanding of what it takes to make a justiciable case." *Id.* (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338; *see also Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021).

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "Central to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts[.]" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021) (quoting *Spokeo*, 578 U.S. at 340–41). "To show traceability, a plaintiff must allege that his injury is 'connect[ed] with the conduct about which he complains.'" *Glen v. Am. Airlines, Inc.*, 7 F.4th 331, 335 (5th Cir. 2021) (alteration in original) (quoting *Trump v. Hawaii,* 138 S.

---

[5] In the context of her breach of contract claim, Denning asserts that AIS "breached" by billing for unauthorized services. In the context of her tort claim for fraudulent misrepresentation, she contends that AIS "fail[ed] to perform" its obligations as set out in the agreements. But both claims as pled are predicated on the same injury: contractual breach. Accordingly, we analyze Denning's fraudulent misrepresentation claim under the penumbra of her breach of contract claim.

Ct. 2392, 2416 (2018)). Meanwhile, to establish redressability, a plaintiff must show a "substantial likelihood" that the requested relief will remedy the alleged injury in fact. *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000) (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 45 (1976)).

The Supreme Court has long recognized "that where there is a legal right, there is also a legal remedy by suit or action at law, whenever that right is invaded." *Marbury v. Madison*, 5 U.S. 137, 163 (1803) (quoting 3 WILLIAM BLACKSTONE, COMMENTARIES ON THE LAWS OF ENGLAND 23 (1765)). More recently, the Court reemphasized in *Uzuegbunam*, that "every violation [of a right] imports damage." 141 S. Ct. at 802 (alteration in original) (quoting *Webb v. Portland Mfg. Co.*, 29 F. Cas. 506, 509 (C.C.D. Me. 1838)). Likewise, this court has held that "it is sufficient for standing purposes that the plaintiffs seek recovery for an economic harm that they allege they have suffered." *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 723 (5th Cir. 2007). Moreover, in a similar case to this one, we held that both a hospital provider and its patients had suffered an injury in fact due to the insurance company's failure to make payments in accordance with the policy terms. *See N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 192 (5th Cir. 2015) ("[The insurer] argues that its refusal to pay based on the full charges [the hospital provider] reported did not cause patients any injury because they were never at imminent risk of out-of-pocket expenses . . . We cannot agree."). In other words, traditional and recent precedent arising from both the Fifth Circuit and the Supreme Court reflect that a breach of contract is a sufficient injury for standing purposes.

No. 21-30534

In light of this applicable precedent, we hold that Denning has shown an injury in fact through her breach of contract claims.[6] But our analysis does not end there. Although Denning has established injury in fact, she cannot get past the redressability prong required to establish standing. This is because her injury, as she alleges it, is not redressable by the compensatory and punitive damages that she seeks. *See Uzuegbunam*, 141 S. Ct. at 796.[7] Put another way, rendering an award of damages in favor of Denning does not redress her insurer's injury of being subjected to AIS's unauthorized billing practices. *See North Cypress*, 781 F.3d at 195 (observing that a favorable decision awarding the medical provider, not the patients, "is likely to redress the injury." (emphasis added)).

For these reasons, we conclude that the district court erred in holding that Denning failed to show an injury in fact through her associated breach of contract and tort claims. However, because we agree with the district court that Denning's claims are not redressable by the damages she seeks, we affirm its dismissal of her claims for lack of standing. *See Uzuegbunam*, 141 S. Ct. at 796 ("To demonstrate standing, the plaintiff must . . . seek a remedy that redresses that injury.").

---

[6] AIS relies on *Wendt v. 24 Hour Fitness USA, Inc.*, 821 F.3d 547 (5th Cir. 2016) for the proposition that this court has "squarely rejected" the breach of contract argument that Denning advances here. But *Wendt* is distinguishable because the plaintiffs there only sought damages for injuries they claimed to have directly suffered. *Id*. at 550–51. They were not, as Denning is here, alleging injuries that a third party has suffered. *Id.*

[7] We also note that the *Uzuegbunam* plaintiffs only sought nominal damages to redress their past injury which is distinguishable from the relief that Denning seeks here. 141 S. Ct. at 796, 801–02 ("[W]e conclude that a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right.").

### B. Loss of Patrimony

Next, we turn to whether Denning's loss of patrimony as alleged in her unjust enrichment claim is an injury for standing purposes. Denning argues that, as a consequence of AIS's unauthorized billing for services not rendered, the amount of insurance coverage available to her for a particular term was improperly depleted. In making this argument, she primarily relies on Louisiana Civil Code article 2299, which sets out a cause of action for obligation to restore payment or a thing not owed.

For purposes of our analysis here, we assume without deciding that Denning has sufficiently pled an injury in fact for standing purposes through her unjust enrichment claim. Again, however, she cannot establish redressability. The text of Article 2299 provides that "[a] person who has received a payment or a thing not owed to him is bound to restore it *to the person from whom he received it*." LA. CIV. CODE ANN. art. 2299 (emphasis added). Both parties acknowledge that AIS received payment that it was allegedly not owed from Denning's insurer, not from Denning. Thus, even if Denning prevailed on this claim and received restitution from AIS, it would not restore her depleted insurance coverage. Accordingly, Denning cannot show a "substantial likelihood" that the restitution she seeks would remedy the injury she alleges. *Vermont Agency*, 529 U.S. at 771 (quoting *Simon*, 426 U.S. at 45).

Because Denning has failed to satisfy the redressability element of her unjust enrichment claim, we affirm the district court's dismissal of this claim for lack of standing.

### C. Prejudice

Finally, Denning argues that the district court erred when it dismissed her claims with prejudice instead of without prejudice. Here, we agree. "Ordinarily, when a complaint is dismissed for lack of jurisdiction, including lack of standing, it should be without prejudice." *Green Valley Special Util.*

*Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020) (quoting *Williams v. Morris*, 614 F. App'x 773, 774 (5th Cir. 2015) (per curiam)). As AIS observes, the district court's dismissal with prejudice appears to be a "scrivener's" error. We thus modify the district court's judgment dismissing Denning's claims with prejudice to make it without prejudice and affirm the judgment as modified. *Id.* at 468-69.[8]

## IV. CONCLUSION

For the foregoing reasons, we MODIFY the district court's judgment dismissing Denning's claims for lack of standing to make it without prejudice and AFFIRM as modified.

---

[8] Denning also contends that the district court's dismissal of her claims was premature because her motions for class certification and for leave to amend her complaint to add two additional class representative plaintiffs were still pending at the time of dismissal. However, as we have held infra, Denning has failed to allege a redressable injury and therefore lacks standing to assert her claims. This defect could not have been cured by allowing her to certify a class or add additional plaintiffs to her suit. *See Ortiz v. Am. Airlines, Inc.*, 5 F.4th 622, 628 (5th Cir. 2021) ("A plaintiff must demonstrate standing for himself or herself, not just for others he or she professes to represent."); *TransUnion*, 141 S. Ct. at 2208 ("Every class member must have Article III standing in order to recover individual damages. Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not.") (internal quotation marks and citation omitted).